Paul Lynn Thompson v. SOT







NUMBERS 13-00-400-CR

13-00-401-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


PAUL LYNN THOMPSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 292nd District Court of Dallas County, Texas.

____________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa



In Cause No. 13-00-400-CR, a jury found appellant, Paul Lynn Thompson, guilty of the offense of possession with intent to
deliver heroin, and assessed his punishment at fifteen years imprisonment. In Cause No. 13-00-401-CR, the jury found
appellant guilty of the offense of possession with intent to deliver cocaine, and assessed his punishment at fifteen years
imprisonment. Both cases were tried together, and appellant addresses both cases in a single brief. By five points of error,
appellant contends: (1) the trial court erred in denying his motion to view possible Brady material; (2) the trial court erred
in denying his request to testify free from impeachment evidence; (3) the evidence is factually insufficient; and (4) the trial
court erred in finding that the State provided race-neutral reasons for its exercise of peremptory strikes in violation
ofBatson. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

By his first point of error, appellant contends the trial court erred in denying his request to view the offense report of Paul
Pipkins, which he contends was possible Brady material.

The United States Supreme Court has held that the prosecution violates due process when it suppresses evidence in its
possession favorable to an accused "where the evidence is material either to guilt or to punishment, irrespective of the good
faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). Impeachment evidence, as well as
exculpatory evidence, is included within the scope of the Brady rule. See U.S. v. Bagley, 473 U.S. 667, 676 (1985).
Evidence withheld by a prosecutor is "material" if there is "a reasonable probability that, had the evidence been disclosed to
the defense, the outcome of the proceeding would have been different." Id. at 682. A "reasonable probability" is a
"probability sufficient to undermine confidence in the outcome." Id. Thus, a due process violation has occurred if a
prosecutor: (1) fails to disclose evidence, (2) favorable to the accused, (3) which creates a probability of a different
outcome. See Thomas v. State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992).

A defendant in a criminal case does not have a general right of discovery of evidence in possession of the State.
Washington v. State, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993); Kinnamon v. State, 791 S.W.2d 84, 91 (Tex. Crim.
App. 1990), overruled on other grounds, Cook v. State, 884 S.W.2d 485 (Tex. Crim. App. 1994). Decisions involving
pretrial discovery of evidence which is not exculpatory, mitigating, or privileged are within the discretion of the trial court.
Id.; Gowan v. State, 927 S.W.2d 246, 249 (Tex. App.-Fort Worth 1996, pet. ref'd); see also Tex. Code Crim. Proc. Ann. art.
39.14 (Vernon Supp. 2001). 

We conclude the offense report of Paul Pipkins (1) was not relevant to this case, (2) was not withheld by the State because
it was available to appellant as a public record, and (3) was not material because the offense report concerned an unrelated
individual who committed an unrelated offense and was arrested by officers not involved in this case. Accordingly, we
hold the offense report was not evidence that the State was required to turn over under Brady as favorable to the accused,
and the trial court did not err in denying appellant's motion for disclosure of the report. Appellant's first point of error is
overruled. 

By his second point of error, appellant contends the trial court erred in denying his request to testify free from impeachment
of his prior convictions.

If the defense preemptively introduces evidence of the defendant's prior conviction to take the sting out of that testimony on
cross-examination, the defense has waived any right to appeal the trial court's ruling admitting the conviction. SeeOhler v.
United States, 529 U.S. 753, 760 (2000) (holding that "a defendant who preemptively introduces evidence of a prior
conviction on direct examination may not appeal claim that the admission of such evidence was error"). A party cannot
claim on appeal that evidence he introduced was erroneously admitted. Id. at 755.

Thus, because appellant preemptively testified to his prior convictions, we hold he has waived this point of error.
Appellant's second point of error is overruled.

By his third point of error, appellant contends the evidence was factually insufficient to support his conviction.

 When we review a factual sufficiency of the evidence point of error, we review all of the evidence and set aside the
verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong.
Johnson v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000) (citing Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim.
App. 1996)); Rosillo, 953 S.W.2d 808, 813 (Tex. App.-Corpus Christi 1997, pet. ref'd). Under a factual sufficiency review,
we are not bound to view the evidence in the light most favorable to the prosecution. Stone v. State, 823 S.W.2d 375, 381
(Tex. App.-Austin 1992, pet. ref'd, untimely filed). Rather, we are free to consider the testimony of all witnesses. Id. In
performing our review, we are to give "appropriate deference" to the fact finder, but we are authorized to disagree with the
fact finder's determination. Johnson, 23 S.W.3d at 7; Clewis, 922 S.W.2d at 136.

"A person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to
manufacture or deliver a controlled substance. . . ." Tex. Health & Safety Code Ann. § 481.112(a) (Vernon Supp. 2001).
To establish unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the
defendant exercised "actual care, custody, control, or management" over the contraband, and that he knew the substance he
possessed was contraband. Tex. Health & Safety Code Ann. § 481.002 (38) (Vernon Supp. 2001); King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995). 

After reviewing the entire record, we conclude the verdict is not so against the great weight of the evidence that it is clearly
unjust. We hold the evidence is factually sufficient to support appellant's conviction. Appellant's third point of error is
overruled.

By his fourth point of error, appellant contends the trial court erred in finding that the State provided race-neutral reasons in
exercising its peremptory strikes in violation of Batson.

The exclusion of a person from jury service because of that person's race violates the Equal Protection Clause of the
Fourteenth Amendment. Batson v. Kentucky, 475 U.S. 79, 89 (1986). A criminal defendant is entitled to a trial by a jury
whose members were selected on a racially neutral, nondiscriminatory basis. See Tex. Code Crim. Proc. Ann. art. 35.261
(Vernon 1989). A defendant may challenge the State's peremptory strikes on the basis of discrimination. See Yarborough
v. State, 947 S.W.2d 892, 894 (Tex. Crim. App. 1997). A hearing on a challenge to a party's peremptory challenge requires
the trial court to follow a three-stop process. Ford v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999). First, the party
challenging the strike must present a prima facie case of racial discrimination. Id. If the challenging party presents a prima
facie case of racial discrimination, the strike's proponent must then give a race-neutral explanation for the strike. Id. A
racially neutral explanation is one that, on its face, does not deny equal protection. Johnson v. State, 959 S.W.2d 284,
289-90 (Tex. App.-Dallas 1997, pet. ref'd). To be sufficient, the State's explanation for exercising a peremptory strike
"need not rise to the level justifying exercise of a challenge for cause." Batson, 476 U.S. at 127. Even an explanation that
is seemingly "silly or superstitious" will satisfy this step of the Batson process. Purkett v. Elem, 514 U.S. 765, 767 (1995).
However, if the strike's proponent offers an explanation for the strike and the trial court rules on the ultimate question of
intentional discrimination, the issue of whether the strike's opponent established a prima facie case is rendered moot and
will not be reviewed on appeal. Malone v. State, 919 S.W.2d 410, 412 (Tex. Crim. App. 1996). Finally, once the strike's
proponent provides a race-neutral explanation, the challenging party must then prove by a preponderance of the evidence
that the race-neutral explanation was a sham or pretext for discrimination. Ford, 1 S.W.3d at 693.

In reviewing a Batson point of error, we examine the evidence presented at the Batson hearing to determine whether the
State was racially motivated in using a peremptory challenge against a member of the venire panel. Pondexter v. State, 942
S.W.2d 577, 581 (Tex. Crim. App. 1996). In doing so, we examine the evidence "in the light most favorable to the trial
court's ruling," and "we will not disturb the trial court's finding that the State's explanation is legitimate" unless it is clearly
erroneous. Id. (quoting Chambers v. State, 866 S.W.2d 9, 25 (Tex. Crim. App. 1993)). A trial court's finding is clearly
erroneous if we are left with a "definite and firm conviction that a mistake has been committed." Vargas v. State, 838
S.W.2d 552, 554 (Tex. Crim. App. 1992) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). 
We review the trial court's finding on the issue of discriminatory intent with great deference because the trial court is in the
best position to assess the credibility of the State's explanation. Mandujano v. State, 966 S.W.2d 816, 819 (Tex.
App.-Austin 1998, pet. ref'd) (citing Hernandez v. New York, 500 U.S. 352, 365 (1991)).

Appellant did not offer any evidence or argument at trial to contradict the prosecutor's reasons for striking jurors 5, 6, 7, 12,
and 41. On appeal, appellant contends there is no support in the record to show that the State's race-neutral reasons were
not a pretext for racially motivated strikes. 

Having examined the record and the State's explanations for its strikes, we find no clear error in the trial court's denial of
appellant's Batson objections. We overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.





FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.