NUMBER 13-03-246-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








BARRY JEROME HYSAW
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 180th District Court


of Harris County, Texas.







MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo



 A jury convicted appellant Barry Jerome Hysaw of sexual assault of a child. (1) The
trial court sentenced him as an habitual felony offender to forty-five years imprisonment
in the Institutional Division of the Texas Department of Criminal Justice. (2) We affirm. 

I. ISSUE ON APPEAL


 The trial court has certified that this is not a plea-bargain case, and Hysaw has
the right to appeal. See Tex. R. App. P. 25.2(a)(2). In a single issue, Hysaw asserts that
the trial court's denial of his Batson motion violated the Equal Protection Clause of the
Fourteenth Amendment to the United States Constitution. See Batson v. Kentucky,
476 U.S. 79 (1986). The record provides the complete voir dire examination and
exercise of peremptory challenges by the parties. Hysaw argues: (1) the prosecutor's
explanation for striking juror 26 was not race neutral; and (2) the record does not
support the prosecutor's race-neutral explanations for striking juror 10. The State
replies that Hysaw did not challenge the prosecutor's explanations at trial and therefore
waived any Batson error. 

II. BATSON ANALYSIS


A. The Burdens


 The Equal Protection Clause prohibits the discriminatory use of peremptory
challenges based on race. Id. at 96; see Tex. Code Crim. Proc. Ann. art. 35.261(a)
(Vernon 1989); see also Gibson v. State, 117 S.W.3d 567, 570 (Tex. App.-Corpus Christi
2003, pet. filed). (3) A three-step burden-shifting analysis applies to an accused's race-based Batson challenge. First, the accused must make a prima facie showing of racial
discrimination, which is a burden of production, thereby raising an inference that the
prosecutor peremptorily struck panelists because of their race. Ford v. State, 1 S.W.3d
691, 693 (Tex. Crim. App. 1999); Gibson, 117 S.W.3d at 570. Second, in recognition of
the fact that peremptory challenges constitute a jury selection practice that permits
invidious discrimination, the burden of production shifts to the prosecution to respond
with a neutral explanation for the strike. Ford, 1 S.W.3d at 693; Young v. State, 826
S.W.2d 141, 145 (Tex. Crim. App. 1991); Gibson, 117 S.W.3d at 571. If the prosecution
offers a neutral explanation, the third step requires the trial court to decide if the
accused proved that the challenged strike was not neutral. Ford, 1 S.W.3d at 693;
Young, 826 S.W.2d at 145; Gibson, 117 S.W.3d at 571. The ultimate burden of
persuasion in this third step remains with the accused, who must show, by reference
to the context of the voir dire or other relevant facts, that the explanation offered by the
prosecutor is not neutral or is a pretext. Purkett v. Elem, 514 U.S. 765, 767-68 (1995);
Guzman v. State, 85 S.W.3d 242, 254 (Tex. Crim. App. 2002); Ford, 1 S.W.3d at 693;
Gibson, 117 S.W.3d at 571. 

 A preponderance-of-the-evidence standard supplies the burden of proof in a
Batson challenge. Williams v. State, 767 S.W.2d 872, 874 (Tex. App.-Dallas 1989, pet.
ref'd) (en banc); Gibson, 117 S.W.3d at 571. The exercise of a peremptory challenge in
a disparate manner on the basis of a single factor may support a claim of discriminatory
intent. Esteves v. State, 849 S.W.2d 822, 824 n.2 (Tex. Crim. App. 1993); (4) Earhart v.
State, 823 S.W.2d 607, 624 (Tex. Crim. App. 1991); Gibson, 117 S.W.3d at 571. Where
the prosecutor offers only one reason for a challenged strike, the accused may
discharge the burden of persuasion on a claim of disparate treatment on the basis of
race to rebut the State's facially neutral explanation by showing that the State struck a
panelist of one race but did not strike a panelist of a different race who presented the
same reason. See Chamberlain v. State, 998 S.W.2d 230, 236 (Tex. Crim. App. 1999)
(characterizing as "real rebuttal" in disparate-questioning Batson claim example "that no
white venire members with similar views were ignored by the State."); Gibson,
117 S.W.3d at 571. A facially neutral explanation for striking a venire panelist may be
suspect when the State does not strike persons with the same or similar characteristics. 
Gibson, 117 S.W.3d at 571; Doby v. State, 910 S.W.2d 79, 83 (Tex. App.-Corpus Christi
1995, pet. ref'd). 

B. The Standard of Review


 In an appeal involving a Batson challenge, we apply a clearly erroneous standard
of review. Hill v. State, 827 S.W.2d 860, 865-66 (Tex. Crim. App. 1992) (plurality op.);
Gibson, 117 S.W.3d at 571. A ruling is clearly erroneous when, after searching the
record, we form the definite and firm conviction that a mistake has been made. Hill,
827 S.W.2d at 865-66; Gibson, 117 S.W.3d at 571. In reviewing the trial court's ruling
on a disparate-treatment Batson claim, we do not determine whether the prosecutor's
explanations were credible but, rather, whether the trial court's ruling was supported
by the record and therefore not clearly erroneous. Purkett, 514 U.S. at 769; see
Guzman, 85 S.W.3d at 255; see also Young, 826 S.W.2d at 146; Gibson, 117 S.W.3d at
571. 

 After a prosecutor gives nondiscriminatory reasons for striking minority panelists
from the venire, the trial judge must determine whether the facially neutral explanations
are contrived to avoid admitting acts of discrimination. Emerson v. State, 851 S.W.2d
269, 273 (Tex. Crim. App. 1993); Gibson, 117 S.W.3d at 571. This must be done because
a prosecutor, although not intentionally discriminating, may try to find reasons other
than race to challenge a minority juror, when race may be the primary factor in deciding
to strike the juror. Emerson, 851 S.W.2d at 273; Gibson, 117 S.W.3d at 572. The trial
judge as supervisor of the voir dire is in a position to readily perceive discrepancies
during the jury selection process. Emerson, 851 S.W.2d at 273; Gibson, 117 S.W.3d at
572. Evaluation of the prosecutor's state of mind based on demeanor and credibility
lies peculiarly within the province of the trial court. Emerson, 851 S.W.2d at 273;
Gibson, 117 S.W.3d at 572. The trial judge may not, however, accept at face value the
specific reasons given by the prosecutor. Emerson, 851 S.W.2d at 273; Gibson,
117 S.W.3d at 572. Disparate treatment alone does not lead necessarily to the
conclusion that the offered explanation was a pretext. Gibson, 117 S.W.3d at 572;
Doby, 910 S.W.2d at 83;. Rather, something more may be needed to overcome the
presumption that the trial court's ruling was correct. Gibson, 117 S.W.3d at 572; Doby,
910 S.W.2d at 83. 

 C. The Scope of Review


 We examine the record to determine if the State met its burden of production to
provide a neutral explanation for its challenge of the venire panelist in question. Wright
v. State, 832 S.W.2d 601, 604 (Tex. Crim. App. 1992); Williams v. State, 804 S.W.2d 95,
102 (Tex. Crim. App. 1991); Gibson, 117 S.W.3d at 572. We review the record,
including the voir dire examination, the prosecutor's explanations, and the appellant's
rebuttal and impeachment evidence, in a light most favorable to the trial court's ruling. 
Wright, 832 S.W.2d at 604; Williams, 804 S.W.2d at 102; Gibson, 117 S.W.3d at 572;
see Guzman, 85 S.W.3d at 245 (reviewing record in "mixed motives" challenge). We
accord great deference to the trial court's ruling. Jasper v. State, 61 S.W.3d 413, 421-22
(Tex. Crim. App. 2001); Gibson, 117 S.W.3d at 572. 

D. Preservation of Batson Disparate-Treatment Claim


 To preserve a race-based disparate-treatment Batson issue on appeal, an
accused must claim at trial that the prosecution disparately treated similarly situated
panelists on the basis of race. Ford, 1 S.W.3d at 693 (citing Purkett, 514 U.S. at 769-70). 
We turn to the record. 

1. The Record


 At the close of jury selection, defense counsel asked to approach the bench and
then objected to the panel: 

 [DEFENSE COUNSEL]: Your Honor, I'd like to make a Batson
challenge. 


 THE COURT: Okay. 


 [DEFENSE COUNSEL]: Based on all the jurors of color were
stricken. I know I struck one, and it's for cause. But several others - 


 THE COURT: Okay. 


 [DEFENSE COUNSEL]: - were struck. No - particularly No. 10, the
race ground for that. 


 THE COURT: Tell me who they are. 


* * *



 [DEFENSE COUNSEL]: Be 10 and 26. 


 THE COURT: Okay. [The prosecutor] struck 10 and 26 because? 


 [PROSECUTOR]: Your Honor, for the record, I'd like to state that
defense counsel has made his prima facie showing to raise a Batson [sic]. 
 

 However, since [sic] on the record, make some things clear for the
record. 


 THE COURT: Okay. 


 [PROSECUTOR]: . . . Juror No. 10 I struck for a few different
reasons. 


 I wasn't - he had answered the question about whether he'd ever
been accused or a victim or a witness, checked it on his box, which
always makes me nervous on juror information sheets. I didn't have time
to elicit what that was. 


 Also was fairly argumentative with me. Argumentative with me
with regard to the one witness issue. Once he spoke up, he spoke very
loudly, very rapidly. What you mean is, da, da, da. And I felt that negative
response from him. The way I was trying to question the one witness
question, and he was extremely vocal on that issue with me. 


 Whether I misread him or not, I can't go into his head. But I took
that as a sign of hostility toward me. 


 Juror No. 26 had also checked the question that she had either
been a prior victim or a witness or an accused of a criminal offense. 


 I also believe that she was a big supporter of the - she was very
animated and vocal with regard to his questions about the Fifth
Amendment. Led me to believe she would be very favorable and more
favorable to the defense on that issue. 


 Those were the two main things I have had written down, whether
or not she had priors, I had a question mark, and the issue that she
seemed to favor the defense. 


 THE COURT: Okay. I'll find that the State's used [sic] peremptory
challenges are based on race neutral reasons. 


 And overrule your objection. 


 The trial court then discharged the venire. 

2. Preservation-of-Error Analysis


 Once the State offers an explanation for striking a contested panelist, and the trial
court rules on the ultimate question of intentional discrimination, the issue of whether
the accused made a prima facie case of discrimination is moot and not subject to
appellate review. See Malone v. State, 919 S.W.2d 410, 412 (Tex. Crim. App. 1996); see
also Gibson, 117 S.W.3d at 574. By asking the prosecutor for race-neutral explanations
for striking the challenged jurors, the trial court implicitly found that Hysaw satisfied his
burden of proving a prima facie case of race-based peremptory challenges. See
Malone, 919 S.W.2d at 412; see also Gibson, 117 S.W.3d at 574. The burden then
shifted to the State to provide race-neutral explanations. See Ford, 1 S.W.3d at 693;
see also Young, 826 S.W.2d at 145; Gibson, 117 S.W.3d at 571. 

 On appeal, Hysaw challenges the prosecutor's explanation for striking juror 26
as not being race neutral. He cites to Hill, 827 S.W.2d at 862. The prosecutor in Hill
had struck a panelist "because I felt like he would identify with the defendant. He's
black, he's male, and I didn't like the way he responded to my questions." Id. We
disagree with Hysaw that the prosecutor's reasons for striking juror 26 fall into the same
category as the race-based challenge in Hill. Unless discriminatory intent is inherent
in the State's explanation, determined primarily by the trial court's assessment of the
prosecutor's credibility and demeanor, we will deem the reason offered race neutral.
See Ford, 1 S.W.3d at 693-94 (citing Purkett, 514 U.S. at 769-70). We find that the State
met its burden to provide a race-neutral explanation for the prosecutor's strike of juror
26. See Ford, 1 S.W.3d at 693; see also Young, 826 S.W.2d at 145; Gibson, 117 S.W.3d
at 571. 

 Hysaw also challenges the prosecutor's explanations for striking juror 10 as
pretextual, arguing that the reasons do not find support in the record. He cites to a
point in the voir dire showing that the exchange regarding the "one-witness rule" was
between the prosecutor and juror 11, not juror 10. However, Hysaw did not show the
trial court, by reference to the context of the voir dire or other relevant facts, that the
explanation offered by the prosecutor was a pretext for disparate treatment. See Ford,
1 S.W.3d at 693; see also Gibson, 117 S.W.3d at 571. Specifically, Hysaw did not point
out to the trial court any comparison between juror 10 and juror 11. 

 As here, the appellant in Ford raised for the first time on appeal a disparate-treatment Batson claim not presented to the trial court. Ford, 1 S.W.3d at 693; Gibson,
117 S.W.3d at 578. An accused must challenge at trial a prosecutor's facially neutral
explanation for a strike by pointing to a similarly situated panelist of a different race not
struck by the State. See Ford, 1 S.W.3d at 694 ("All appellant has proven on appeal is
that the reason given was incorrect; this is not equal to proving that the reason given
was a pretext for a racially motivated strike."); see also Gibson, 117 S.W.3d at 578. 

E. Conclusion


 Accordingly, we find that Hysaw failed to discharge his burden of persuasion as
to the State's peremptory challenges of juror 10 and juror 26. See Ford, 1 S.W.3d
at 693. We hold that the trial court's denial of Hysaw's Batson challenge is supported
by the record and therefore is not clearly erroneous. See Wright, 832 S.W.2d at 605;
see also Gibson, 117 S.W.3d at 580. We overrule Hysaw's sole issue. We affirm the
judgment of the trial court. 

 ERRLINDA CASTILLO

 Justice


Do Not Publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 11th day of March, 2004. 


1. See Tex. Pen. Code Ann. § 22.011(a) (Vernon Supp. 2004). 
2. See Tex. Pen. Code Ann. § 12.42(d) (Vernon 2003). 
3. The prohibition against discrimination in the exercise of peremptory challenges also applies to
litigants who exercise a strike based on the juror's: (1) gender (J.E.B. v. Alabama ex rel. T.B.,
511 U.S. 127, 146 (1994); Fritz v. State, 946 S.W.2d 844, 847 (Tex. Crim. App. 1997)); and (2) ethnicity and
nationality (Hernandez v. New York, 500 U.S. 352, 355 (1991); Wamget v. State, 67 S.W.3d 851, 857 (Tex.
Crim. App. 2001) (per curiam)). Guzman v. State, 85 S.W.3d 242, 245 (Tex. Crim. App. 2002). Hysaw
asserts racial discrimination. 
4. We note that the court of criminal appeals regards footnotes in its opinions as dictum, not
holdings of the court. Edwards v. State, 813 S.W.2d 572, 582 n.1 (Tex. App.-Dallas 1991, pet. ref'd) (en
banc) (Baker, J., dissenting) (citing Young v. State, 826 S.W.2d 141, 145 n.5 (Tex. Crim. App. 1991)).