**Doug Lee FORD, Appellant,**

v.

**The STATE of Texas.**

**No. 1194–98.**

Court of Criminal Appeals of Texas.

Sept. 15, 1999.

---

4. *Pearson,* at 178–79.

5. *Ibid.*

6. Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon 1999).

7. *Manuel v. State,* 994 S.W.2d 658, 661 (Tex. Crim.App.1999).

692

Randy M. Clapp, El Campo, for appellant.

Josh McCown, Dist. Atty., Wharton, Robinson C. Ramsey, San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, KELLER, HOLLAND, WOMACK, JOHNSON, and KEASLER, J.J., joined.

Appellant was charged with the offense of possession of a controlled substance. During jury selection, appellant objected to the State's use of peremptory strikes against six of the seven black venire members.[1] He moved for a *Batson* hearing, arguing that the State was unconstitutionally striking these jurors based solely on their race.[2]

At the hearing, the State provided reasons for each of its six strikes, including its reasoning for striking venire member Allen: she knew appellant's mother.[3] Appellant's only response was that he believed the trial court had allowed the State to ask an improper question. The trial court found that the State's reasons were race-neutral and denied appellant's *Batson* challenge. Appellant was ultimately convicted.

### Court of Appeals

On appeal, appellant specifically complained of the State's striking of Allen; he did not make this claim at any point during trial. He argued that, according to the jury selection transcript, it was unclear whether or not Allen knew appellant's mother because the State never asked Allen a single question. Rather, the State questioned venire member Alaniz about appellant's mother and she admitted that

---

1. The seventh black venire member was not reached as he was number 37 in the venire pool.

2. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. The State explained that the other five black venire members were struck because some knew the defendant or his family and the others seemed "weak on punishment."

she knew her.[4] Consequently, the only reason given by the State to explain its striking of venire member Allen was erroneous. Appellant argued that the State failed to provide a race-neutral reason for striking Allen, thus his conviction should be reversed.

The Court of Appeals determined that no facts in the record supported the trial court's race-neutral finding. *See Ford v. State*, No. 13–97–124–CR, slip op. at 6 (Tex.App.—Corpus Christi March 12, 1998) (not designated for publication),[5] 1998 WL 107352, at *3. The court further determined that this lack of evidentiary support rendered the trial court's finding clearly erroneous. Thus, the Court of Appeals reversed appellant's conviction and remanded the cause for new trial. *Id.*

### Analysis

■ In its petition for discretionary review, the State claims that the trial court's ruling was not clearly erroneous. *See Yarborough v. State*, 947 S.W.2d 892, 894 (Tex. Crim.App.1997) (plurality opinion), *Whitsey v. State*, 796 S.W.2d 707, 726 (Tex. Crim.App.1989) (opinion on rehearing) (plurality opinion). The State avers that the prosecutor's explanation was merely an "honest mistake," and therefore the Court of Appeals improperly reversed the judgment of the trial court and rendered an opinion in conflict with other Courts of Appeals and its own precedent. *See Hughes v. State*, 962 S.W.2d 689 (Tex. App.—Houston [1st Dist.] 1998), *Salinas v. State*, 888 S.W.2d 93 (Tex.App.—Corpus Christi 1994, pet. ref'd). However, at this time we need not determine whether this conflict exists. Although appellant met his burden of *production* regarding his *Batson* challenge at trial, he failed to meet his burden of *persuasion* at trial.

■ In *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), the United States Supreme Court delineated the three-step process for how a *Batson* challenge is to be properly determined. Step one: the opponent of a peremptory challenge must make out a prima facie case of racial discrimination, essentially a burden of production. Then, in step two, the burden of production shifts to the proponent of the strike to respond with a race-neutral explanation. If a race-neutral explanation is proffered, then the third step occurs: the trial court must decide whether the opponent of the strike has proved purposeful racial discrimination. This is the step regarding the burden of persuasion. The Supreme Court stressed that the "ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Purkett*, 514 U.S. at 767–68, 115 S.Ct. at 1770–71.

■ Furthermore, Texas jurisprudence holds that once the State proffers race-neutral explanations for its peremptory strikes, the burden is on the defendant to convince the trial court that the prosecution's reasons were not race-neutral. *See Camacho v. State*, 864 S.W.2d 524, 529 (Tex.Crim.App.1993), *Tompkins v. State*, 774 S.W.2d 195 (Tex.Crim.App.1987). Thus, the burden of production shifts from the defendant in step one to the State in step two, but the burden of persuasion never shifts from the defendant.

In the instant case, the Court of Appeals determined that appellant met his burden of persuasion—even though appellant never cross-examined the prosecutor about the erroneous explanation nor provided the trial court with any evidence rebutting the prosecutor's claim. The State's reason for striking Allen was uncontradicted at trial and facially plausible. *See Purkett*, 514 U.S. at 769–770, 115 S.Ct. at 1771–72 (unless discriminatory intent is inherent in the State's explanation, determined primarily

---

4. Alaniz ultimately sat on the jury that convicted appellant.

5. The opinion initially was submitted for publication, however the Court of Appeals ordered it not to be published on May 14, 1998.

by the trial court's assessment of the State's credibility and demeanor, the reason offered will be deemed race-neutral). All appellant has proven on appeal is that the reason given was incorrect; this is not equal to proving that the reason given was a pretext for a racially motivated strike. Oppositely, appellant has provided no evidence of a racially motivated strike by the State. Therefore, appellant did not meet his burden of persuasion to successfully challenge the State's peremptory strikes at trial.

The judgment of the Court of Appeals is reversed and the cause is remanded so that the Court of Appeals may address appellant's remaining points of error. *See* Tex.R.App. P. 78.1(d).

MANSFIELD, J., delivered a dissenting opinion.

MANSFIELD, J., dissents with note:

The record shows that all six African-American venire persons who could have served on the jury in this cause were struck, and the reasons given by the State were, in my opinion, vague and unsatisfactory. Accordingly, I would affirm the judgment of the court of appeals, reversing appellant's conviction due to the violation of *Batson* by the State.