NO. 07-02-0084-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 1, 2002


______________________________



JEFF VILLARREAL




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 94-418,502; HON. JIM BOB DARNELL, PRESIDING


_______________________________



 DISMISSAL 


_______________________________
 




Before BOYD, C.J., and QUINN and REAVIS, JJ. 


 Appellant, Jeff Villarreal appeals from a judgment convicting him of attempted
robbery and sentencing him to prison for five years. Sentence was pronounced in open
court on December 21, 2001. Because a clerk's record had not been timely filed, we
remanded the cause to the trial court and instructed the latter to determine, among other
things, whether appellant desired to prosecute the appeal. 

 A motion to dismiss was filed by appellant on March 26, 2002 as a part of a plea
bargain in another charge being cause number 2001-437977 in the 140th District Court of
Lubbock County, Texas. 

 Without passing on the merits of the case, we grant the motion pursuant to Texas 
Rule of Appellate Procedure 42.2. Having dismissed the appeal at appellant's personal
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn

 Justice



Do not publish. 



he jury trial, the court prepared the jury charge at which time appellant
requested additional instructions on the issues of self-defense and involuntary conduct. 
However, the court refused the addition of either instruction.

 On appeal, appellant raises two issues, contending that the trial court erred in failing
to: (1) grant appellant's Batson challenges, (1) and (2) include the requested instructions in
the court's jury charge.



Batson Challenges


 A trial court's decision on a Batson challenge is reviewed under a clearly erroneous
standard of review. Hernandez v. New York, 500 U.S. 352, 365-66, 111 S.Ct. 1859, 114
L.Ed.2d 395 (1991); Gibson v. State, 144 S.W.3d 530, 534 (Tex.Crim.App. 2004). A
Batson challenge generally gives rise to a three-step process. Simpson v. State, 119
S.W.3d 262, 268 (Tex.Crim.App. 2003). First, the defendant must make a prima facie
case that a venire member was pre-emptorily excluded on the basis of race. Id. Next, the
prosecution must come forward with race-neutral reasons for the preemptory challenge. 
Id. Finally, the defendant has the opportunity to rebut the State's explanations. Id. If the
State offers a race-neutral explanation before any inquiry on the prima facie case, the issue
of a prima facie case is moot. See id. The burden of persuasion remains with the
defendant to prove purposeful discrimination. Id. Once the State proffers race-neutral
explanations for its preemptory challenges, the burden, under Batson, is on the defendant
to convince the trial court that the State's reasons were not race-neutral; thus, the burden
of production shifts from the defendant to the State, but the burden of persuasion never
shifts from the defendant. See Ford v. State, 1 S.W.3d 691, 693 (Tex.Crim.App. 1999). 
For purposes of a Batson challenge, the issue of whether the State's race-neutral
explanations for striking a venire member were pretextual is solely a question of fact; there
is no issue of law. See Gibson, 144 S.W.3d at 534. The trial court's ruling on a Batson
challenge is accorded great deference and will not be overturned on appeal unless it is
clearly erroneous, see Chamberlain v. State, 998 S.W.2d 230, 236 (Tex.Crim.App.1999),
and the trial court's ruling is clearly erroneous only if no plausible basis exists to support
it, see Whitsey v. State, 796 S.W.2d 707, 721-22 (Tex.Crim.App.1989) (op. on reh'g). 

 Because the State offered race-neutral reasons for its challenges, the prima facie
inquiry is moot and we move on to consider whether the explanations offered were, in fact,
race-neutral. See Simpson, 119 S.W.3d at 268. The State explained its challenges on
venire member number six because of a prior assault and on venire member number 28
because the State felt he was immature, based on answers on his jury questionnaire. After
the State gave its explanations for its challenges, appellant, as the party making the Batson
challenge, had the burden to show that the explanations given were merely a pretext for
discrimination. See id. Appellant attempted to prove the State's explanations were
pretextual by pointing out other jurors who were seated on the jury that the State could
have struck for the same reasons. Although there were other venire members with similar
backgrounds, appellant did not convince the trial court that the State's explanations were
mere pretext, and that the State's challenges were for racially discriminatory reasons. 
Appellant did not attempt to prove that the State's explanations were not plausible by
showing that venire member number six did not have a prior assault or that venire member
number 28 was mature. Under the appropriate standard of review, appellant has not
shown that the trial court's ruling on the Batson challenge was clearly erroneous and that
the basis for the State's challenges of the venire members were not plausible. See
Whitsey, 796 S.W.2d at 721-22. Appellant's first issue is overruled.


Error in Court's Charge


 Appellant contends that he was entitled to instructions on the defensive issues of
self-defense and involuntary conduct. In reviewing an allegation of charge error, an
appellate court must first determine whether the charge was, in fact, in error. Hutch v.
State. 922 S.W.2d 166, 170 (Tex.Crim.App. 1996). If so and if the error in the charge was
the subject of a timely objection, then reversal is required if the error was calculated to
injure the rights of defendant which means no more than that there must be some harm
to the accused from the error. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.
1984). 

 A defendant is entitled to an instruction on self-defense if the issue is raised by the
evidence, whether that evidence is strong or weak, unimpeached or contradicted, and
regardless of what the trial court may think about the credibility of the defense. Ferrel v.
State, 55 S.W.3d 586, 591 (Tex.Crim.App. 2001). On the other hand, if the evidence,
viewed in the light most favorable to the defendant, does not establish self-defense, the
defendant is not entitled to an instruction on the issue. Id. A person is justified in using
deadly force against another when and to the degree he reasonably believes the deadly
force is immediately necessary to protect himself against another's use or attempted use
of unlawful deadly force. Tex. Pen. Code Ann. § 9.32 (a)(3)(A) (Vernon 2003). 

 To support his request for a self-defense instruction, appellant contends that
Sullivan was larger than him, grabbed him, and tried to grab the knife from his hand. Even
assuming that Sullivan was physically bigger than appellant, that Sullivan grabbed him, or
that Sullivan attempted to grab the knife, appellant has not shown that he reasonably
believed that Sullivan intended to use deadly force or that he reasonably believed that
deadly force was necessary to protect himself against Sullivan's use or attempted use of
unlawful deadly force. Therefore, we conclude that the trial court did not err in denying
appellant's request for an instruction on self-defense.

 As to appellant's request for an instruction on involuntary conduct, appellant
contended that the injury to Keaton was not caused by his voluntary act, but was the result
of an accident. Additionally, appellant made clear that his request was not a request for
an instruction on accident (2) but was for an instruction on involuntary conduct, i.e., the
absence of voluntary conduct. A person commits an offense only if he voluntarily engages
in conduct, including an act, an omission, or possession. Tex. Pen. Code Ann. § 6.01(a)
(Vernon 2003). Conduct is not rendered involuntary merely because an accused does not
intend the result of his conduct. Rogers, 105 S.W.3d at 638 (citing Adanandus v. State,
866 S.W.2d 210, 230 (Tex. Crim. App. 1993)). Appellant contends the evidence shows
that he did not intend to harm Keaton, that Keaton "got between" appellant and Sullivan
during the confrontation, and that he apologized after he stabbed her. But appellant is not
entitled to an involuntary conduct instruction simply because he did not intend to harm
Keaton. See id. Appellant has presented no proof that, although he did not intend to harm
Keaton, that he did not intend to pick up a knife or that he did not intend to use it as a
weapon. The evidence as to appellant's own actions is undisputed. Since appellant did
not argue that his possession of the knife resulted from someone else's act, was the
product of some independent non-human force, such as a convulsion, or was the result of
unconsciousness, hypnosis or other nonvolitional impetus, appellant has not raised the
issue of voluntariness. See id. Therefore, we conclude that the trial court did not err in
refusing to include appellant's request for an instruction on involuntary conduct in the
court's charge. Hutch, 922 S.W.2d at 170. Appellant's second issue is overruled. 

Conclusion


 For the foregoing reasons, we affirm. 


 Mackey K. Hancock

 Justice







Do not publish. 






 



1. A complaint to the State's use of a preemptory challenge based on discriminatory
reasons is commonly known as a Batson challenge. See generally Batson v. Kentucky,
476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
2. Under the current penal code, there is no defense of accident. See Rogers v.
State, 105 S.W.3d 630, 637 ( Tex.Crim.App. 2003).