In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00192-CR
______________________________
 

ADREION NEWTON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 01-F-077-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            A jury convicted Adreion Newton for assaulting a public servant. See Tex. Pen. Code Ann.
§ 22.01(a)(1), (b)(1) (Vernon Supp. 2004). The jury found Newton had previously been convicted
of a felony and assessed punishment at fourteen years' imprisonment. The trial court sentenced
Newton in accordance with the jury's verdict, from which Newton now appeals. 
            In a single point of error, Newton contends the trial court erred by failing to grant his
challenge, pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), to the State's use of its peremptory
strikes. We affirm.
Standard of Review
            The Equal Protection Clause of the United States Constitution prohibits a party from using
peremptory challenges to exclude otherwise qualified and unbiased persons from a jury solely on the
basis of their race. Id. at 88. The Texas Legislature has codified the Batson rule in Tex. Code Crim.
Proc. Ann. art. 35.261 (Vernon 1989).
            A trial court's ruling on a Batson challenge is a finding of fact and will be reversed on appeal
only on a finding that the decision was clearly erroneous. Guzman v. State, 85 S.W.3d 242, 254
(Tex. Crim. App. 2002); Williams v. State, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991). A finding
is clearly erroneous when, although there is evidence to support the finding, the reviewing court is
left with "the definite and firm conviction that a mistake has been committed." DeBlanc v. State,
799 S.W.2d 701, 713 (Tex. Crim. App. 1990); Whitsey v. State, 796 S.W.2d 707, 721 (Tex. Crim.
App. 1989) (op. on reh'g).
            In reviewing a Batson challenge, we must examine the racial makeup of the entire venire, the
voir dire examination, the prosecutor's explanation(s), and the appellant's rebuttal and impeachment
evidence in a light most favorable to the trial court's ruling. See Guzman, 85 S.W.3d at 254;
Williams, 804 S.W.2d at 101–02. We accord great deference to the trial court's findings of fact. 
Batson, 476 U.S. at 98 n.21; Robinson v. State, 851 S.W.2d 216 (Tex. Crim. App. 1991).
            Three steps constitute a proper Batson challenge. Ford v. State, 1 S.W.3d 691, 693–94 (Tex.
Crim. App. 1999) (citing Purkett v. Elem, 514 U.S. 765 (1995)). First, the party making the Batson
claim must show a prima facie case of racial discrimination. A prima facie case of discrimination
may be made by showing that the totality of the relevant facts gives rise to an inference of
discriminatory purpose. Batson, 476 U.S. at 93–94. Second, the proponent of the strike must rebut
the opponent's prima facie case and come forward with a race-neutral reason for the strike. Id. at 94;
Williams v. State, 937 S.W.2d 479, 485 (Tex. Crim. App. 1996). This explanation need not be
persuasive or even plausible. Purkett, 514 U.S. at 768. Third, if the proponent of the strike produces
a race-neutral reason for the strike, the trial court then determines whether the movant carried the
burden of persuasion by proving purposeful discrimination. Miller-El v. Cockrell, 537 U.S. 322
(2003); Purkett, 514 U.S. at 767. In this final step, the critical issue becomes the persuasiveness of
the proponent's reason. Miller-El, 537 U.S. at 338–39; Purkett, 514 U.S. at 768. The trial court
must measure the credibility of the proponent's justification by, among other factors, evaluating the
proponent's demeanor; by how reasonable, or how improbable, the prononent's explanations are; and
by whether the proponent's justification has some basis in accepted trial strategy. Miller-El, 537 U.S.
at 339.
            To determine if the reason is supported by the record, we consider whether the reason offered
as a basis for the peremptory strike was not related to the case, whether there was a lack of
meaningful questioning of the venire person involved, whether there was disparate treatment or
examination of persons with similar characteristics as the challenged venire person, and whether
there is historical evidence of racial discrimination. See id. at 343; Williams, 804 S.W.2d at 105–06. 
Analysis
            After the final twelve prospective jurors had been selected and placed in the jury box, but
before they had been officially sworn in, Newton objected and requested a hearing outside the jury's
presence. Newton then made a Batson challenge, arguing the State had improperly struck five
members of the venire panel on the basis of race. 
            During the Batson hearing, the trial court took judicial notice that Newton was African-American, an identifiable racial group. The trial court also noted that the twelve persons left to serve
as jurors were each Caucasian and that the State had struck five prospective jurors who were
African-American. Based on the record, we find Newton made a prima facie showing of racial
discrimination.
            On appeal, Newton concedes the State offered persuasive race-neutral reasons for striking
three of those five.


 The sole remaining dispute between Newton and the State is whether the State
offered sufficiently persuasive race-neutral reasons for striking venire members five and twenty-one. 
Accordingly, we will focus our analysis on the third prong of Batson as it relates to those jurors.
            Juror number five was Margie Craver. During voir dire, Craver stated, "I would hate to put
someone away for twenty years, . . . ." Assuming the jury found Newton guilty, the maximum
sentence in this case included confinement for twenty years. See Tex. Pen. Code Ann. § 12.33(a)
(Vernon 2003) (maximum second-degree felony punishment is twenty years); § 12.42(a)(3) (Vernon
Supp. 2004) (enhancement of third-degree felony to second-degree felony punishment for repeat
felony offender); § 22.01(a)(1), (b)(1) (assault on public servant is third-degree felony). At the
Batson hearing, the State said it interpreted Craver's statement as her reluctance to consider imposing
the maximum punishment. The State struck her because she had visited one or more prisons with
her church group. 
            As a matter of law, if a venire member cannot consider the full range of punishment, that
member is subject to a challenge for cause. Ladd v. State, 3 S.W.3d 547, 559 (Tex. Crim. App.
1999). When the record demonstrates that a juror's answer equivocates on an answer during voir
dire, especially the ability to consider the full range of punishment, "we afford great deference to the
trial judge who had the better opportunity to see and hear the person." Swearingen v. State, 101
S.W.3d 89, 99 (Tex. Crim. App. 2003). There is nothing inherently race-based in a claim that one
struck a juror because he or she was reluctant to consider the full range of punishment. The record
also shows the State struck, or agreed to strike, other prospective (Caucasian) jurors because they
had either visited prisons or had family members who worked in prison. Thus, after reviewing the
record, we cannot say the trial court erred by finding the State presented a persuasive, race-neutral
reason for striking Craver.
            Juror number twenty-one was Mary Burns. The State said it struck Burns because, "She also
throughout the voir dire of Mr. Nash was not looking at Mr. Nash but was looking at other voir dire
members as they were speaking," and because Burns appeared "just confused as all gitout [sic]." 
Newton did not challenge this characterization of Burns. Cf. Yarborough v. State, 983 S.W.2d 352,
355, 357 (Tex. App.—Fort Worth 1998, no pet.). The State also expressed concern Burns might be
related to a Bowie County defendant with the same last name who had been recently executed for
capital murder. 
            "A juror's ability to follow the instructions of the court, apply the law and hold the State to
the proper burden of proof is directly related to the facts of any case." Toy v. State, 855 S.W.2d 153,
157 (Tex. App.—Houston [14th Dist.] 1993, no pet.). Striking a venire member for inattentiveness
or inability to understand a court's instructions is not inherently racially discriminatory. Because
these reasons were not disputed, the State met its burden of providing facially-neutral reasons for
striking Burns. Cf. Simpson v. State, No. 74,029, 2003 WL 22244663, at *4 (Tex. Crim. App.
Oct. 1, 2003) (State's explanations did not reflect inherently discriminatory intent and appellant did
not rebut the State's reasons); Yarborough, 983 S.W.2d at 357 (venire member's inattentiveness was
not refuted by defendant during Batson hearing, which was a valid race-neutral reason for the strike).
            After reviewing the racial composition of the entire venire panel, the voir dire examination,
the State's explanations for its use of strikes, and Newton's rebuttal in the light most favorable to the
trial court's ruling, we are not left with "the definite and firm conviction that a mistake has been
committed" in overruling the Batson challenge, as would be required for reversal. There appears to
be neither a lack of meaningful questioning of Craver or Burns, nor was there disparate treatment
or examination during voir dire of persons with similar characteristics. 
            Accordingly, we affirm the trial court's judgment.
 
 
                                                                        Jack Carter
                                                                        Justice


Date Submitted:          February 2, 2004
Date Decided:             February 11, 2004

Do Not Publish