In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-015 CR


____________________



JAMES C. BURRELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. 24,363






MEMORANDUM OPINION


 A jury found James C. Burrell guilty of assaulting a public servant, a felony offense. 
The trial court sentenced Burrell to six years confinement in the Texas Department of
Criminal Justice, Institutional Division and fined him $1000. 

 Bringing a single issue, Burrell asserts the trial court erred in overruling his challenge
brought pursuant to Batson v. Kentucky, 476 U.S. 79, 85-86, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). In Batson, the United States Supreme Court held that the Equal Protection Clause
of the Fourteenth Amendment to the United States Constitution prohibits race-based jury
selection. Id.

 Here, while one African American was seated on the jury, the State exercised
peremptory strikes against four other African Americans members of the venire. The juror
numbers for those struck were 5, 17, 19, and 26. Three of these - 5, 17, and 19 - concern
us on appeal. (1)

 We review the trial court's ruling on a Batson motion under the "clearly erroneous"
standard by examining the evidence in the light most favorable to the trial court's ruling.
Pondexter v. State, 942 S.W.2d 577, 581 (Tex. Crim. App. 1996). To determine whether a
decision is clearly erroneous, we examine the record to see whether the ruling reveals the
"definite and firm conviction that a mistake has been committed." Guzman v. State, 85
S.W.3d 242, 254 (Tex. Crim. App. 2002). 

 Generally, Batson challenges give rise to a multi-step process: first, a defendant must
make a prima facie case that the prosecution exercised a peremptory challenge on the basis
of race; then, to avoid a finding in defendant's favor, the prosecution must come forward
with race-neutral reasons for the peremptory strike, which the defendant has the opportunity
to rebut; finally, the trial court must determine whether the defendant has shown purposeful
discrimination. See Simpson v. State 119 S.W.3d 262, 268 (Tex. Crim. App. 2003), cert.
denied, 72 U.S.L.W. 3749 (U.S. June 14, 2004) (No. 03-9167); see Jasper v. State, 61
S.W.3d 413, 421 (Tex. Crim. App. 2001). Throughout the process, the burden of persuasion
remains with the defendant to prove purposeful discrimination. Simpson, 119 S.W.3d at 268. 
 The United States Supreme Court has explained that absent the presence of an
inherent discriminatory intent in the prosecutor's explanation, "the reason offered will be
deemed race neutral." Purkett v. Elem, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834
(1995); see also Guzman, 85 S.W.3d at 246. Where "the motives behind a challenged
peremptory strike are 'mixed,' i.e., both impermissible (race or gender-based) and
permissible (race and gender-neutral), [and] if the striking party shows that he would have
struck the juror based solely on the neutral reasons," then no equal protection violation is
present. Guzman, 85 S.W.3d at 244. Further, as the trial court's decision turns largely on an
evaluation of credibility, we give that decision great deference. Robinson v. State, 851
S.W.2d 216, 226 (Tex. Crim. App. 1991).

 In the Batson hearing, the prosecutor explained his peremptory strikes and defense
counsel argued in rebuttal. 

 As to juror 5, the prosecutor stated the juror sat with his arms folded, did not pay
attention, and seemed as if he did not want to be there. The defense indicated the juror sat
with his arms crossed when defense counsel was asking questions and argued that the juror's
sitting with his arms crossed "was just the way he sat;" none of the juror's answers showed
bias; and he had a stable work history. 

 As to juror 17, the prosecutor explained he had known the juror personally for many
years and that the juror was not "friendly to law enforcement." The prosecutor also thought
it strange that the juror's mother appeared that day, indicating that the summons she had was
for her deceased husband, and then coincidentally her son, juror 17, was part of the venire.
The defense responded that the record did not show the juror had any bias against the State. 
And the prosecutor further explained he struck white members of the panel because of his
personal knowledge; he had no need to question them about matters of which he already was
aware. As an example, the prosecutor noted his striking of a particular white juror who had
voted "not guilty" in a previous case. 

 As to juror 19, the prosecutor stated that the juror "came in quite late; " she appeared
to agree with the defense during voir dire; and she did not seem as if she would be a State -oriented juror. The defense responded that the juror gave no responses that showed any bias
against the State and that the juror got there in time to be seated. In defense counsel's
experience, jurors in rural areas sometimes arrived late.

 While admitting its hesitance, ultimately the court denied the Batson motion. 

 Here, none of the prosecutor's explanations of his peremptory strikes reflect an
inherently discriminatory intent. And as defense counsel did not cross examine the
prosecutor, his explanation remains uncontradicted. See Ford v. State, 1 S.W.3d 691, 693
(Tex. Crim. App. 1999). Burrell had the burden of persuading the trial court that the
prosecutor's explanation was merely a pretext for discrimination. Johnson v. State, 68
S.W.3d 644, 649 (Tex. Crim. App. 2002). However, the defense failed to expose
discriminatory intent behind the prosecutor's peremptory strikes. Thus, we do not find the
trial court's denial of appellant's Batson challenge to be clearly erroneous as we have no
definite and firm conviction that a mistake was made. 

 We overrule issue one and affirm the trial court's judgment.

 PER CURIAM

Submitted on August 24, 2004 

Opinion Delivered August 31, 2004

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. During the Batson hearing, appellant conceded the State had reason to strike
prospective juror 26. Appellant further presents no appellate argument that striking juror
26 was error.