COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-267-CR
  
  
ANTHONY DWAYNE CRENSHAW                                            APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 372ND DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Anthony Dwayne Crenshaw of possession of a controlled 
substance, and the trial court sentenced him to forty years’ confinement in 
the Institutional Division of the Texas Department of Criminal Justice.  In 
one issue, Appellant contends that the trial court erred in denying 
Appellant’s request to dismiss the array after the prosecutor exercised 
peremptory challenges on the basis of race. No request to dismiss the array 
appears in the record. We shall therefore treat Appellant’s complaint as a 
complaint that the trial court overruled his Batson challenge.[2]
        To 
challenge the State’s exercise of a peremptory strike, a defendant must make a 
prima facie showing of discrimination.[3]  The 
State then has the burden to produce a facially neutral reason for the strike.[4]  As the Texas Court of Criminal Appeals has 
explained,
 
Texas 
jurisprudence holds that once the State proffers race-neutral explanations for 
its peremptory strikes, the burden is on the defendant to convince the trial 
court that the prosecution's reasons were not race-neutral. Thus, the burden of 
production shifts from the defendant in step one to the State in step two, but 
the burden of persuasion never shifts from the defendant.[5]
 
We will not disturb the 
trial court’s ruling on a Batson challenge unless it is clearly 
erroneous.[6]  A ruling is “clearly 
erroneous” if it gives us the “definite and firm conviction that a mistake 
has been committed.”[7]
        At 
the Batson hearing, Appellant, a black male, complained that the only two 
black venire members remaining on the panel after challenges for cause were 
exercised were struck solely on the basis of their race, which they shared with 
Appellant. The prosecutor responded that he peremptorily struck these two 
remaining black venire members because their questionnaires revealed that they 
believed that rehabilitation was a primary goal of the criminal justice system 
and this belief reflected their overall philosophical view of the criminal 
justice system.[8] The prosecutor also pointed out 
that the State had struck two white males, a Hispanic female, and a white female 
because their questionnaires or statements during voir dire revealed the same 
view regarding rehabilitation.  The prosecutor stated during the Batson 
hearing that the only venire member who listed rehabilitation as a primary goal 
but was not also struck was a male, race unknown, who was not struck because he 
demonstrated a strong opposition to drug crimes. When asked to respond to the 
prosecutor’s explanation, Appellant’s trial counsel responded, “That’s 
all we have, Judge.” Later, after the jury was sworn, the prosecutor candidly 
admitted to the court that a sitting female juror, race unknown, also ranked 
rehabilitation as a primary goal but was not struck simply due to his oversight.
        Through 
no fault of the parties, the juror questionnaires were destroyed and are not 
available for our review.  Based on our review of the record before us, 
however, we see no efforts by Appellant to persuade the trial court that the 
State’s explanations were not race-neutral.  Consequently, we cannot say 
that the trial court’s ruling that the State’s challenge was based on 
racially neutral reasons was clearly erroneous. We overrule Appellant’s sole 
issue and affirm the trial court’s judgment.
    
                                                                  PER 
CURIAM
 
 
PANEL 
F:   DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: September 23, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  Batson 
v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).
3.  Id. 
at 94-96, 106 S. Ct. at 1722; Harris v. State, 827 S.W.2d 949, 955 (Tex. 
Crim. App.), cert. denied, 506 U.S. 942 (1992).
4.  Batson, 
476 U.S. at 97, 106 S. Ct. at 1723; Harris, 827 S.W.2d at 955.
5.  Ford 
v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999) (citations omitted).
6.  Williams 
v. State, 804 S.W.2d 95, 101 (Tex. Crim. App.), cert. denied, 501 
U.S. 1239 (1991).
7.  United 
States v. Fernandez, 887 F.2d 564, 567 (5th Cir. 1989) (quoting Anderson 
v. City of Bessemer City, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).
8.  See 
Umoja v. State, 965 S.W.2d 3, 9-10 (Tex. App.—Fort Worth 1997, no pet.) 
(upholding trial court’s denial of Batson challenge to juror struck 
because he listed rehabilitation as primary goal of criminal justice system even 
though trial court assessed punishment).