NO. 07-05-0236-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 27, 2006


 ______________________________



RAYMOND EMMETT OLDHAM, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 49,978-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Raymond Emmett Oldham appeals his conviction for possession of
methamphetamine in the amount of four grams or more but less than 200 grams in a drug
free zone, and his sentence of 75 years in the Institutional Division of the Texas
Department of Criminal Justice. We affirm.



Background


 Appellant was charged with the offense of possession of methamphetamine in an
amount of four grams or more but less than 200 grams in a drug free zone and requested
a jury trial. During the voir dire process, the State used one of its peremptory challenges
to remove an African American venire member from the potential jury, and appellant
challenged the State's action as discriminatory. (1) The court acknowledged appellant's
Batson challenge, inquired as to the State's basis for its strike, and overruled appellant's
challenge. At the conclusion of the trial, the jury found appellant guilty of the offense, and
appellant was sentenced to 75 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant contends that the trial court erred in overruling
his Batson challenge, thus denying his right to due process and equal protection under the
law. We affirm.

Standard of Review

 A trial court's decision on a Batson challenge is reviewed under a clearly erroneous
standard of review. Hernandez v. New York, 500 U.S. 352, 365-66, 111 S.Ct. 1859, 114
L.Ed.2d 395 (1991); Gibson v. State, 144 S.W.3d 530, 534 (Tex.Crim.App. 2004). A
Batson challenge generally gives rise to a three-step process. Simpson v. State, 119
S.W.3d 262, 268 (Tex.Crim.App. 2003) First, the defendant must make a prima facie case
that a venire member was peremptorily excluded on the basis of race. Id. Next, the
prosecution must come forward with race-neutral reasons for the peremptory strike. Id. 
Finally, the defendant has the opportunity to rebut the State's explanations. Id. The
burden of persuasion remains with the defendant to prove purposeful discrimination. Id. 
If the State offers a race-neutral explanation before any inquiry on the prima facie case,
the issue of a prima facie case is moot. See id. Once the state proffers race-neutral
explanations for its peremptory strikes under Batson, the burden is on the defendant to
convince the trial court that the prosecution's reasons were not race-neutral; thus, the
burden of production shifts from the defendant to the state, but the burden of persuasion
never shifts from the defendant. See Ford v. State, 1 S.W.3d 691, 693 (Tex.Crim.App.
1999). For purposes of a Batson challenge, the issue of whether a prosecutor's race-neutral explanation for striking a venire member was pretextual is solely a question of fact;
there is no issue of law. See Gibson, 144 S.W.3d at 534. A party's failure to offer any real
rebuttal to a proffered race-neutral explanation is potentially fatal to a party's claim. See
Johnson v. State, 68 S.W.3d 644, 649 (Tex.Crim.App. 2002). 

Law and Analysis

 In the present case, the trial court did not rule on whether appellant had presented
a prima facie case that a venire member was excluded because of her race; however, the
trial court did allow the State to present a race-neutral explanation for its strike. Therefore,
the issue of whether appellant presented a prima facie case is moot. See Simpson, 119
S.W.3d at 268. Next, the State provided an explanation that the trial court could examine
for its genuineness, (2) see Gibson, 144 S.W.3d at 533-34, and that the trial court accepted
as a race-neutral explanation. Under the third step in examining a Batson challenge,
appellant failed to offer any rebuttal to the State's race-neutral explanation. Since
appellant always had the burden of persuasion, see Ford, 1 S.W.3d at 693, and failed to
produce anything to counter the State's explanation, we conclude that the trial court did not
err in overruling appellant's Batson challenge. See Johnson, 68 S.W.3d at 649. We
overrule appellant's issue.

Conclusion

 For the foregoing reasons, we affirm. 


 Mackey K. Hancock

 Justice




Do not publish.




 
1. A complaint to the State's use of a peremptory challstrike based on discriminatory
reasons is commonly known as a Batson challenge. See Batson v. Kentucky, 476 U.S. 79,
106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
2. One of the reasons given by the State was that it had concerns with the venire
member because she laughed at inappropriate times. The trial court judge stated that he
did recall that the venire member laughed during voir dire, and agreed that it was at
inappropriate times.