NO. 07-05-0236-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 27, 2006

______________________________

RAYMOND EMMETT OLDHAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 49,978-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Raymond Emmett Oldham appeals his conviction for possession of methamphetamine in the amount of four grams or more but less than 200 grams in a drug free zone, and his sentence of 75 years in the Institutional Division of the Texas Department of Criminal Justice.   We affirm.

Background

Appellant was charged with the offense of possession of methamphetamine in an amount of four grams or more but less than 200 grams in a drug free zone and requested a jury trial.  During the voir dire process, the State used one of its peremptory challenges to remove an African American venire member from the potential jury, and appellant challenged the State’s action as discriminatory.
(footnote: 1)   The court acknowledged appellant’s 
Batson
 challenge, inquired as to the State’s basis for its strike, and overruled appellant’s challenge.  At the conclusion of the trial, the jury found appellant guilty of the offense, and appellant was sentenced to 75 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant contends that the trial court erred in overruling his 
Batson
 challenge, thus denying his right to due process and equal protection under the law.  We affirm.

Standard of Review

A trial court’s decision on a 
Batson
 challenge is reviewed under a clearly erroneous standard of review.  
Hernandez v. New York
, 500 U.S. 352, 365-66, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); 
Gibson v. State
, 144 S.W.3d 530, 534 (Tex.Crim.App. 2004).  A 
Batson
 challenge generally gives rise to a three-step process.  
Simpson v. State
, 119 S.W.3d 262, 268 (Tex.Crim.App. 2003) First, the defendant must make a 
prima facie
 case that a venire member was peremptorily excluded on the basis of race.  
Id
.  Next, the prosecution must come forward with race-neutral reasons for the peremptory strike.  
Id
.  Finally, the defendant has the opportunity to rebut the State's explanations.  
Id
.  The burden of persuasion remains with the defendant to prove purposeful discrimination.  
Id
.  If the State offers a race-neutral explanation before any inquiry on the 
prima facie
 case, the issue of a 
prima facie
 case is moot.  
See
 
id
.  Once the state proffers race-neutral explanations for its peremptory strikes under 
Batson
, the burden is on the defendant to convince the trial court that the prosecution's reasons were not race-neutral; thus, the burden of production shifts from the defendant to the state, but the burden of persuasion never shifts from the defendant.  
See
 
Ford v. State
, 1 S.W.3d 691, 693 (Tex.Crim.App. 1999).  For purposes of a Batson challenge, the issue of whether a prosecutor's race-neutral explanation for striking a venire member was pretextual is solely a question of fact; there is no issue of law.  
See
 
Gibson
, 144 S.W.3d at 534.  A party's failure to offer any real rebuttal to a proffered race-neutral explanation is potentially fatal to a party’s claim.  
See
 
Johnson v. State
, 68 S.W.3d 644, 649 (Tex.Crim.App. 2002).  

Law and Analysis

In the present case, the trial court did not rule on whether appellant had presented a 
prima facie 
case that a venire member was excluded because of her race; however, the trial court did allow the State to present a race-neutral explanation for its strike.  Therefore, the issue of whether appellant presented a 
prima facie
 case is moot.  
See
 
Simpson
, 119 S.W.3d at 268.  Next, the State provided an explanation that the trial court could examine for its genuineness,
(footnote: 2) 
see
 
Gibson
, 144 S.W.3d at 533-34, and that the trial court accepted as a race-neutral explanation.  Under the third step in examining a 
Batson
 challenge, appellant failed to offer any rebuttal to the State’s race-neutral explanation.  Since appellant always had the burden of persuasion, 
see
 
Ford
, 1 S.W.3d at 693, and failed to produce anything to counter the State’s explanation, we conclude that the trial court did not err in overruling appellant’s 
Batson
 challenge.  
See
 
Johnson
, 68 S.W.3d at 649.  We overrule appellant’s issue.

Conclusion

For the foregoing reasons, we affirm.   

Mackey K. Hancock

                                     Justice

Do not publish.

FOOTNOTES
1:
A complaint to the State’s use of a peremptory challstrike based on discriminatory reasons is commonly known as a 
Batson
 challenge.  
See
 
Batson v. Kentucky
, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2:
One of the reasons given by the State was that it had concerns with the venire member because she laughed at inappropriate times.  The trial court judge stated that he did recall that the venire member laughed during voir dire, and agreed that it was at inappropriate times.