COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-257-CR

JEROME DWIGHT ROBINSON, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jerome Dwight Robinson Jr. appeals from his conviction for aggravated assault—deadly weapon.  In two points, he argues that the trial court erred by failing to read the jury’s verdict on guilt/innocence in open court and by overruling his 
Batson
 objections during voir dire.  We affirm.

Background

Because Appellant’s points do not concern the evidence presented at trial, it will suffice to note that the grand jury indicted him for aggravated assault—deadly weapon after a shootout at a convenience store that left the complainant with two gunshot wounds.  A jury convicted Appellant and assessed punishment of twelve years’ confinement, and the trial court rendered judgment accordingly.

Failure to Read Verdict in Open Court

In his first point, Appellant argues that the trial court violated his constitutional right to due process by failing to read the guilt/innocence verdict in open court.

The original reporter’s record does not show that the trial court read the verdict in open court as required by article 37.04 of the code of criminal procedure.  
See 
Tex. Code Crim. Proc. Ann.
 art.
 37.04 (Vernon 2006).  But after Appellant filed his brief, the reporter filed a supplemental record that shows the trial court did read the verdict in open court.  Therefore, we overrule Appellant’s first point.

Batson
 Challenges

In his second point, Appellant argues that the trial court erred during jury selection by overruling his 
Batson
 challenges to five of the State’s peremptory strikes.  
See Batson v. Kentucky
, 476 U.S. 79, 106 S. Ct. 1712 (1986).

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits race-based jury selection.  
Jasper v. State
, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).  When reviewing a trial court’s finding with regard to a 
Batson 
challenge, an appellate court reverses the ruling only if it is clearly erroneous. 
 
Herron v. State
, 86 S.W.3d 621, 630 (Tex. Crim. App. 2002);
 
Stewart v. State
, 176 S.W.3d 856, 858 (Tex. App.སྭHouston [1st Dist.] 2005, no pet.).  Because a trial court is in a unique position to make such a determination, the judge’s decision is accorded great deference.  
Jasper
, 61 S.W.3d at 421; 
Ladd v. State
, 3 S.W.3d 547, 563 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  An appellate court should not substitute its judgment on a credibility determination for the trial court’s based on the cold record of a 
Batson
 hearing.  
Gibson v. State,
 144 S.W.3d 530, 534 (Tex. Crim. App. 2004). 

Once a party raises a 
Batson 
challenge, the trial court must engage in a three-step inquiry.  First, the defendant must make a prima facie showing of racial discrimination and thus carries a burden of production.  
Peetz v. State
, 180 S.W.3d 755, 758 (Tex. App.སྭHouston [14th Dist.] 2005, no pet.); 
see Ford v. State
, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999).  Second, the burden of production shifts to the State to present a racially neutral explanation for its challenged strike.
  Stewart
, 176 S.W.3d at 858.  Unless a discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed neutral.  
Hernandez v. New York
, 500 U.S. 352, 360, 111 S. Ct. 1859, 1866 (1991) “The second step of this process does not demand an explanation that is persuasive, or even plausible.”  
Purkett v. Elem,
  514 U.S. 765, 767-68, 115 S. Ct. 1769, 1771 (1995).  Third, the defendant has the burden to show that the explanation given was merely a pretext for discrimination.  
Johnson v. State,
 68 S.W.3d 644, 649 (Tex. Crim. App. 2002).  It is not enough merely to show that a proffered explanation turns out to be incorrect.  
Id.  
A party’s failure to offer any real rebuttal to a proffered race neutral explanation can be fatal to his claim.  
Id.
  The term “pretext” is solely a question of fact; there is no issue of law.  
Gibson
, 
144 S.W.3d at 534.  The trial judge then decides whether the neutral reasons given for the peremptory challenge were contrived to conceal racially discriminatory intent. 
 Jasper
, 61 S.W.3d at 421; 
Stewart
, 176 S.W.3d at 858. 

In this case, the State exercised peremptory challenges on veniremembers 11, 17, 22, 26, and 32.  The record reflects that 
veniremembers 11, 26, and 32 were black and jurors 17 and 22 were Hispanic.  Appellant asserted a 
Batson
 challenge to the strikes, and the trial court found that he made a prima facie case of racial discrimination. 

The State then offered explanations for the challenged strikes.  The prosecutor said that the State struck veniremember 11 because it was not satisfied with the response she gave regarding the definition of “recklessly.” The State struck veniremember 17 because she indicated on her questionnaire that a neighbor was in the hospital as a result of gang activity and the State anticipated gang-related evidence at trial.  The State struck veniremember 26 because she worked with a relative of Appellant.  The prosecutor said the State struck veniremember 32 because “he seemed confused” and he indicated that “he could vote but wasn’t a registered voter, and that caused the State some concern as to whether . . . he took . . . the Court proceeding seriously.” Finally, the prosecutor said the State struck veniremember 22 because he listed punishment as the least important goal of the criminal justice system. 

The trial court found that the reasons advanced by the State were race neutral and overruled Appellant’s 
Batson
 challenges. 

Appellant argues that the reasons given by the prosecutor were insufficient to rebut the trial court’s prima facie finding of racial discrimination.   Appellant contends that he rebutted the State’s race-neutral explanations by “proving that several white jurors preferred rehabilitation but were not struck by the state and that no juror was sleeping.”

With regard to preferring rehabilitation, the State said it struck only veniremember 22 because he listed punishment as the 
least 
important goal of the criminal justice system, not because he simply preferred rehabilitation to punishment.  Thus, assuming that Appellant’s representation that “several white jurors preferred rehabilitation but were not struck” is true, the trial court could have concluded that the answers of the jurors whom the State did not strike were not the same as veniremember 22’s answer.  
See Gibson
, 144 S.W.3d at 534 (holding trial court did not err by overruling 
Batson 
objection where answer to State’s question given by white veniremember was sli
ghtly different from answer given by black veniremember).

The State did not list “sleeping” as a reason for striking any veniremember; thus, even if Appellant proved that “no juror was sleeping,” that proof failed to rebut the State’s proffered explanations.

We hold that the trial court’s finding that the State’s proffered explanations we racially neutral was not clearly erroneous.  Therefore, the trial court did not err by overruling Appellant’s 
Batson
 objections, and we overrule his second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:
  June 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.