COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-257-CR

 

 

JEROME DWIGHT ROBINSON, JR.                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Jerome Dwight
Robinson Jr. appeals from his conviction for aggravated assaultCdeadly weapon.  In two points,
he argues that the trial court erred by failing to read the jury=s verdict on guilt/innocence in open court and by overruling his Batson
objections during voir dire.  We affirm.

 








                                            Background

Because Appellant=s points do not concern the evidence presented at trial, it will
suffice to note that the grand jury indicted him for aggravated assaultCdeadly weapon after a shootout at a convenience store that left the
complainant with two gunshot wounds.  A
jury convicted Appellant and assessed punishment of twelve years= confinement, and the trial court rendered judgment accordingly.

                           Failure to Read Verdict in Open Court

In his first point, Appellant
argues that the trial court violated his constitutional right to due process by
failing to read the guilt/innocence verdict in open court.

The original reporter=s record does not show that the trial court read the verdict in open
court as required by article 37.04 of the code of criminal procedure.  See Tex.
Code Crim. Proc. Ann. art. 37.04 (Vernon 2006).  But after Appellant filed his brief, the
reporter filed a supplemental record that shows the trial court did read the
verdict in open court.  Therefore, we
overrule Appellant=s first
point.

 

 

 








                                        Batson Challenges

In his second point,
Appellant argues that the trial court erred during jury selection by overruling
his Batson challenges to five of the State=s peremptory strikes.  See
Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).

The Equal Protection Clause
of the Fourteenth Amendment to the United States Constitution prohibits
race-based jury selection.  Jasper v.
State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).  When reviewing a trial court=s finding with regard to a Batson challenge, an appellate court
reverses the ruling only if it is clearly erroneous.  Herron v. State, 86 S.W.3d 621, 630
(Tex. Crim. App. 2002); Stewart v. State, 176 S.W.3d 856, 858 (Tex. App._Houston
[1st Dist.] 2005, no pet.).  Because a
trial court is in a unique position to make such a determination, the judge=s decision is accorded great deference.  Jasper, 61 S.W.3d at 421; Ladd v.
State, 3 S.W.3d 547, 563 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1070 (2000).  An appellate court
should not substitute its judgment on a credibility determination for the trial
court=s based on the cold record of a Batson hearing.  Gibson v. State, 144 S.W.3d 530, 534
(Tex. Crim. App. 2004). 








Once a party raises a Batson
challenge, the trial court must engage in a three-step inquiry.  First, the defendant must make a prima facie
showing of racial discrimination and thus carries a burden of production.  Peetz v. State, 180 S.W.3d 755, 758
(Tex. App._Houston [14th Dist.] 2005, no pet.); see Ford v. State, 1
S.W.3d 691, 693 (Tex. Crim. App. 1999). 
Second, the burden of production shifts to the State to present a
racially neutral explanation for its challenged strike.  Stewart, 176 S.W.3d at 858.  Unless a discriminatory intent is inherent in
the prosecutor=s
explanation, the reason offered will be deemed neutral.  Hernandez v. New York, 500 U.S. 352,
360, 111 S. Ct. 1859, 1866 (1991) AThe second step of this process does not demand an explanation that is
persuasive, or even plausible.@  Purkett v. Elem,  514 U.S. 765, 767‑68, 115 S. Ct. 1769,
1771 (1995).  Third, the defendant has
the burden to show that the explanation given was merely a pretext for
discrimination.  Johnson v. State,
68 S.W.3d 644, 649 (Tex. Crim. App. 2002). 
It is not enough merely to show that a proffered explanation turns out
to be incorrect.  Id.  A party=s failure to offer any real rebuttal to a proffered race neutral
explanation can be fatal to his claim.  Id.  The term Apretext@ is solely a
question of fact; there is no issue of law. 
Gibson, 144 S.W.3d at 534. 
The trial judge then decides whether the neutral reasons given for the
peremptory challenge were contrived to conceal racially discriminatory intent.  Jasper, 61 S.W.3d at 421; Stewart,
176 S.W.3d at 858. 








In this case, the State
exercised peremptory challenges on veniremembers 11, 17, 22, 26, and 32.  The record reflects that veniremembers 11,
26, and 32 were black and jurors 17 and 22 were Hispanic.  Appellant asserted a Batson challenge
to the strikes, and the trial court found that he made a prima facie case of
racial discrimination. 

The State then offered
explanations for the challenged strikes. 
The prosecutor said that the State struck veniremember 11 because it was
not satisfied with the response she gave regarding the definition of Arecklessly.@ The State
struck veniremember 17 because she indicated on her questionnaire that a
neighbor was in the hospital as a result of gang activity and the State
anticipated gang-related evidence at trial. 
The State struck veniremember 26 because she worked with a relative of
Appellant.  The prosecutor said the State
struck veniremember 32 because Ahe seemed confused@ and he indicated that Ahe could vote but wasn=t a registered voter, and that caused the State some concern as to
whether . . . he took . . . the Court proceeding seriously.@ Finally, the prosecutor said the State struck veniremember 22 because
he listed punishment as the least important goal of the criminal justice
system. 

The trial court found that
the reasons advanced by the State were race neutral and overruled Appellant=s Batson challenges. 








Appellant argues that the
reasons given by the prosecutor were insufficient to rebut the trial court=s prima facie finding of racial discrimination.   Appellant contends that he rebutted the
State=s race-neutral explanations by Aproving that several white jurors preferred rehabilitation but were
not struck by the state and that no juror was sleeping.@

With regard to preferring
rehabilitation, the State said it struck only veniremember 22 because he listed
punishment as the least important goal of the criminal justice system,
not because he simply preferred rehabilitation to punishment.  Thus, assuming that Appellant=s representation that Aseveral white jurors preferred rehabilitation but were not struck@ is true, the trial court could have concluded that the answers of the
jurors whom the State did not strike were not the same as veniremember 22=s answer.  See Gibson,
144 S.W.3d at 534 (holding trial court did not err by overruling Batson objection
where answer to State=s question
given by white veniremember was slightly different from answer given by black
veniremember).

The State did not list Asleeping@ as a reason
for striking any veniremember; thus, even if Appellant proved that Ano juror was sleeping,@ that proof failed to rebut the State=s proffered explanations.

We hold that the trial court=s finding that the State=s proffered explanations we racially neutral was not clearly
erroneous.  Therefore, the trial court
did not err by overruling Appellant=s Batson objections, and we overrule his second point.








                                             Conclusion

Having overruled both of
Appellant=s points, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2007











[1]See Tex. R. App. P. 47.4.