**Opinion filed February 19, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-07-00212-CR**

_____

**TYLON DEMOND DIGGLES A/K/A**
**TYLOR DEMOND DIGGLES, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**

**Jefferson County, Texas**

**Trial Court Cause No. 96350**

**M E M O R A N D U M   O P I N I O N**

The jury convicted Tylon Demond Diggles a/k/a Tylor Demond Diggles of the offense of aggravated robbery and assessed punishment at confinement for six years. We affirm.

*Issues*

Appellant presents two issues on appeal. In the first issue, he challenges the legal and factual sufficiency of the evidence, asserting that the evidence is insufficient to show intent and to connect him to the crime. In his second issue, appellant asserts *Batson*[1] error.

_____

[1]*Batson v. Kentucky*, 476 U.S. 79 (1986).

*Sufficiency of the Evidence*

We will apply the following well-recognized standards of review to appellant's first issue. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

The record shows that, at about 4:30 p.m. on Friday, December 9, 2005, the courtesy booth at a Market Basket store was robbed of more than $8,000. The robber walked up to the courtesy booth and handed employee Amy Gonzalez a small paper bag with a note attached. The note read something like: "[T]his is not a joke. You are being robbed. Put the money in the bag." When Gonzalez questioned appellant, appellant made an aggressive facial expression, moved his jacket to the side, and revealed a gun tucked in his waistband. Gonzalez told appellant that she had no money (which was not true) but that an employee working next to Gonzalez did. Gonzalez then gave the note to Sheila Jeanette Darby.

The robber then went to Darby's window and also showed her his gun. Darby put all of the bills from her drawer into the bag. Then, the robber went back to Gonzalez's window and told her to put money in the bag. This time, Gonzalez complied. Darby and Gonzalez were both placed in fear by appellant's exhibition of the weapon. The robber left the store on foot, and a store employee gave chase but could not catch the robber.

The authorities were notified during the robbery. Shortly after the robbery, a suspect was apprehended in a nearby apartment complex. One of the officers that responded to the call took Darby and a store manager, Robert Jordan, to the apartment complex. At that time, both positively identified appellant as the robber but noted that he had taken off his jacket. Darby and Jordan also positively identified appellant in court. Gonzalez positively identified appellant in court as the

person who had robbed her. Gonzalez testified, "His face. It's in my memory. I will never forget his face." Appellant denied any involvement in the robbery.

After reviewing all of the evidence under the applicable standards, we hold that the evidence is both legally and factually sufficient to support the jury's verdict. Appellant first issue is overruled.

*Batson Challenge*

In the second issue, appellant asserts *Batson* error in the State's use of peremptory strikes against black members of the venire panel. The use of peremptory challenges to strike potential jurors on the basis of race is prohibited. *Batson*, 476 U.S. 79; TEX. CODE CRIM. PROC. ANN. art. 35.261 (Vernon 2006). In *Purkett v. Elem*, 514 U.S. 765 (1995), the Supreme Court delineated the three-step process for properly determining a *Batson* challenge. First, the opponent of a peremptory challenge must make out a prima facie case of racial discrimination, essentially a burden of production. In the second step, the burden of production shifts to the proponent of the strike to respond with a race-neutral explanation. Third, if a race-neutral explanation has been proffered, the trial court must decide whether the opponent of the strike has proved purposeful racial discrimination. The burden of persuasion is on the opponent of the strike to convince the trial court that the strike was racially motivated. *Purkett*, 514 U.S. 765; *Ford v. State*, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999); *Camacho v. State*, 864 S.W.2d 524, 529 (Tex. Crim. App. 1993).

If, as here, the State offers a race-neutral explanation before any inquiry on the prima facie case, the issue of a prima facie case is moot. *Simpson v. State*, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003). Immediately after appellant objected to the State's use of four of its strikes, the State offered the following explanations:

> Venireman No. 2 had only been at his current location of employment for one week. And when asked by [defense counsel] during voir dire if there was a check cashing booth at his place of employment, he hesitated and clearly did not even know that much about the operation of the grocery store. And for that reason, he was struck.

The State also explained that Veniremember No. 18 was struck because he was falling asleep early on during voir dire and, unlike most of the other jurors, just could not seem to pay attention. Veniremember No. 24 was struck because he stated that he had known appellant's family for several years. Veniremember No. 26 was struck because she indicated that she had previously sat as a juror in a criminal case and had voted "not guilty" on a criminal trespass charge. Appellant did not rebut

3

the State's explanations but merely responded that the reasons given were not racially neutral. The trial court overruled appellant's *Batson* challenge.

In reviewing the propriety of such a ruling, we must give great deference to the trial court's determination of fact and may not disturb the trial court's ruling on a *Batson* issue unless it was clearly erroneous. *See Chamberlain v. State*, 998 S.W.2d 230, 236 (Tex. Crim. App. 1999); *Adanandus v. State*, 866 S.W.2d 210, 224-25 (Tex. Crim. App. 1993). In this case, the State's explanations were reasonable and racially neutral, and appellant did not offer any rebuttal showing that the State's race-neutral reasons for striking the veniremembers were pretext for discrimination. *See Yarborough v. State*, 947 S.W.2d 892 (Tex. Crim. App. 1997). Appellant's second issue is overruled.

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


February 19, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4