ANTHONY DWAYNE CRENSHAW V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-267-CR

ANTHONY DWAYNE CRENSHAW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Anthony Dwayne Crenshaw of possession of a controlled substance, and the trial court sentenced him to forty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one issue, Appellant contends that the trial court erred in denying Appellant’s request to dismiss the array after the prosecutor exercised peremptory challenges on the basis of race.  No request to dismiss the array appears in the record.  We shall therefore treat Appellant’s complaint as a complaint that the trial court overruled his 
Batson
 challenge.
(footnote: 2)
 To challenge the State’s exercise of a peremptory strike, a defendant must make a prima facie showing of discrimination.
(footnote: 3)  The State then has the burden to produce a facially neutral reason for the strike.
(footnote: 4)  As the Texas Court of Criminal Appeals has explained, 

Texas jurisprudence holds that once the State proffers race-neutral explanations for its peremptory strikes, the burden is on the defendant to convince the trial court that the prosecution's reasons were not race-neutral.  Thus, the burden of production shifts from the defendant in step one to the State in step two, but the burden of persuasion never shifts from the defendant.
(footnote: 5)

We will not disturb the trial court’s ruling on a 
Batson
 challenge unless it is clearly erroneous.
(footnote: 6)  A ruling is “clearly erroneous” if it gives us the “definite and firm conviction that a mistake has been committed.”
(footnote: 7)
 At the
 Batson
 hearing, Appellant, a black male, complained that the only two black venire members remaining on the panel after challenges for cause were exercised were struck solely on the basis of their race, which they shared with Appellant.  The prosecutor responded that he peremptorily struck these two remaining black venire members because their questionnaires revealed that they believed that rehabilitation was a primary goal of the criminal justice system and this belief reflected their overall philosophical view of the criminal justice system.
(footnote: 8)  The prosecutor also pointed out that the State had struck two white males, a Hispanic female, and a white female because their questionnaires or statements during voir dire revealed the same view regarding rehabilitation.  The prosecutor stated during the 
Batson
 hearing that the only venire member who listed rehabilitation as a primary goal but was not also struck was a male, race unknown, who was not struck because he demonstrated a strong opposition to drug crimes.  When asked to respond to the prosecutor’s explanation, Appellant’s trial counsel responded, “That’s all we have, Judge.”  Later, after the jury was sworn, the prosecutor candidly admitted to the court that a sitting female juror, race unknown, also ranked rehabilitation as a primary goal but was not struck simply due to his oversight.   Through no fault of the parties, the juror questionnaires were destroyed and are not available for our review.  Based on our review of the record before us, however, we see no efforts by Appellant to persuade the trial court that the State’s explanations were not race-neutral.  Consequently, we cannot say that the trial court’s ruling that the State’s challenge was based on racially neutral reasons was clearly erroneous.  We overrule Appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 23, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Batson v. Kentucky
, 476 U.S. 79, 106 S. Ct. 1712 (1986).

3:
Id. 
at 94-96, 106 S. Ct. at 1722; 
Harris v. State
, 827 S.W.2d 949, 955 (Tex. Crim. App.), 
cert. denied
, 506 U.S. 942 (1992).

4:
Batson
, 476 U.S. at 97, 106 S. Ct. at 1723; 
Harris
, 827 S.W.2d at 955.

5:
Ford v. State
, 
1 S.W.3d 691, 693 (Tex. Crim. App. 1999) (citations omitted).

6:
Williams v. State
, 804 S.W.2d 95, 101 (Tex. Crim. App.), 
cert. denied
, 501 U.S. 1239 (1991).

7:
United States v. Fernandez
, 887 F.2d 564, 567 (5
th
 Cir. 1989) (quoting 
Anderson v. City of Bessemer City
, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

8:
See Umoja v. State
, 965 S.W.2d 3, 9-10 (Tex. App.—Fort Worth 1997, no pet.) (upholding trial court’s denial of 
Batson
 challenge to juror struck because he listed rehabilitation as primary goal of criminal justice system even though trial court assessed punishment).