In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00080-CR
______________________________


CEDRIC KELLEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 99F0384-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            In selecting the jury for Cedric Kelley's aggravated robbery trial,


 the State used six of its ten
peremptory strikes on black panel members. As a result, no blacks were selected to serve on the
jury. Responding to Kelley's Batson


 challenge to the jury, the State provided a race-neutral
explanation for each such strike, and the trial court overruled Kelley's challenge. On appeal, Kelley
challenges the trial court's ruling on his Batson challenge. We affirm the trial court's judgment
because we hold the trial court's ruling was not clearly erroneous.
            In Batson, the United States Supreme Court held that the State's purposeful use of peremptory
challenges in a racially discriminatory manner violated the Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution. Article 35.261 of the Texas Code of Criminal
Procedure also specifically prohibits peremptory challenges based on race. Tex. Code Crim. Proc.
Ann. art. 35.261 (Vernon 1989).
            A Batson review involves a three-step analysis. Williams v. State, 937 S.W.2d 479, 485
(Tex. Crim. App. 1996). The first step requires the complaining party to make a prima facie case
of racial discrimination. Id. (citing Purkett v. Elem, 514 U.S. 765, 767–69 (1995)). A prima facie
case of discrimination may be made by showing that the totality of the relevant facts gives rise to an
inference of discriminatory purpose. Batson, 476 U.S. at 93–96. After the complaining party
establishes a prima facie case, the second step requires the party that has exercised the strike to come
forward with a race-neutral reason for the strike. Williams, 937 S.W.2d at 485. This second step
does not demand an explanation that is persuasive or even plausible. Purkett, 514 U.S. at 767–68. 
If the proponent of the strike can produce a race-neutral reason, then in the third and final step, the
trial court must decide whether the opponent of the strike has proved purposeful racial
discrimination. Id.; Ford v. State, 1 S.W.3d 691 (Tex. Crim. App. 1999).
            In reviewing a Batson challenge, we review the record in the light most favorable to the trial
court's rulings and determine if the court's action was clearly erroneous. Williams v. State, 804
S.W.2d 95, 101 (Tex. Crim. App. 1991). A finding is clearly erroneous when, although there is
evidence to support the finding, the reviewing court is left with the definite and firm conviction that
the trial court committed a mistake. Whitsey v. State, 796 S.W.2d 707, 721 (Tex. Crim. App. 1989). 
The trial court is the fact-finder at a Batson hearing, and it is that court's responsibility to weigh the
evidence and determine the credibility of the witnesses. Tompkins v. State, 774 S.W.2d 195, 202
n.6A (Tex. Crim. App. 1987), aff'd, 490 U.S. 754 (1989). We therefore accord great deference to
the trial court's rulings. Robinson v. State, 851 S.W.2d 216, 226 (Tex. Crim. App. 1991). If the
exercise of even one peremptory challenge was racially motivated, however, the entire jury selection
process is invalidated and a new trial is warranted. Keeton v. State, 724 S.W.2d 58, 65 n.5 (Tex.
Crim. App. 1987); see Roberts v. State, 963 S.W.2d 894, 899–900 (Tex. App.—Texarkana 1998,
no pet.).
            Kelley contends the State, in violation of Batson, exercised its peremptory strikes to strike
all the potentially selectable black panelists from the jury panel. Since the State struck the panel
members as it did, a prima facie case of discrimination was established. See Pondexter v. State, 942
S.W.2d 577, 581 (Tex. Crim. App. 1996) (striking all black veniremembers establishes prima facie
case).
            The State was required to rebut this prima facie case, if it could, by articulating a race-neutral
reason for each strike of a black panel member. This it did. Anthony Montgomery, panelist number
one, was struck because he knew Kelley's father and had a criminal history. Lester Smith, panelist
number five, was struck because she attended church with Kelley and one of the witnesses, visited
a friend who was incarcerated, and "looked funny" at the State's attorney during voir dire. Debra
Scott, panelist number nine, was struck because she had difficulty finding her seat on at least two
occasions and had friends who were incarcerated at the time. Dajier Hodges, panelist number
fifteen, was struck because she was young, did not have "enough" life experience, and had limited
formal education.


 Curtis Woods, panelist number seventeen, was also struck because he had a
friend who was incarcerated at the time. Verna Sanders, panelist number thirty-one, was struck
because she attended church with Kelley.



            Once the State produced a race-neutral explanation for each of its strikes against black
panelists, it became Kelley's burden to demonstrate the State's race-neutral explanations were untrue
or pretextual. See Tex. Code Crim. Proc. Ann. art. 35.261(a). This is so because the defendant
has the ultimate burden of proving the State excluded veniremembers on the basis of race. See Tex.
Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981); Tompkins, 774 S.W.2d at 202 ("It is
the burden of the accused to persuade the trial judge by a preponderance of the evidence that the
allegations of purposeful discrimination are true in fact.").
            Kelley did not state why the race-neutral reasons were pretextual. Kelley emphasized his
objection for Hodges, panelist number fifteen, a black woman working at a fast-food restaurant. The
State argued that Hodges was struck because she was young, shy or quiet, and because of that she
was more likely to be a follower. 
            In reviewing this evidence, we are to determine not whether the State's explanations are
credible, but rather whether the trial court's ruling on Kelley's Batson challenge was supported by
the record and therefore not clearly erroneous. SeeYoung v. State, 826 S.W.2d 141, 146 (Tex. Crim.
App. 1991). Here, the State has articulated race-neutral reasons for its strikes of black panelists, and
there is sufficient evidence to support the trial court's decision. We cannot say the trial court's ruling
was clearly erroneous.
 
 
            We affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 2, 2005
Date Decided:             August 3, 2005

Do Not Publish