Darryl Oates, Jr. v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-157-CR

DARRYL OATES, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Darryl Oates, Jr. of theft from a person, enhanced by two prior felony convictions, and assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Because we hold that the evidence is legally and factually sufficient to support the conviction and that the trial court did not err, we affirm the trial court’s judgment.

In his first two points, Appellant contends that the evidence is legally and factually insufficient to support his conviction.  Appellant focuses on the complainant’s identification of him as the culprit.  The evidence shows the following.  The complainant was getting gas in the early morning hours at a convenience store in southern Fort Worth.  The outside area was well lit.  A black male approached her and asked for help.  Before she could reach the door of the store, he attacked her and stole her wallet.  His face was very close to hers during the altercation.  The thief then rode off in a Ford Explorer.  Store personnel called 911, and the complainant told the police that the person who stole her wallet was a black man wearing a stocking cap.

Meanwhile, a witness, Vitaliy Felkovich, who was driving his car, saw  what happened at the convenience store from his vantage point in the street, followed the Ford Explorer, and called 911.  Eventually, the police stopped the Explorer.  It contained two men and a woman.  The police took the complainant to the scene of the arrest.  The police had their spotlights on the two male suspects.  The complainant identified Appellant as the thief after the police put a stocking cap on his head.  The police had found the cap in the Explorer.  The other suspect already had a hat on.  When asked at the time of her identification at the scene, the complainant said that she was sure that Appellant was the man who had stolen her wallet.  The complainant also identified him in court as both the man who had stolen her wallet and the man whom she had previously identified as the thief.  Although she testified that the placement of the cap on Appellant helped her identify him, the complainant also testified that she could have done it without the cap because the man who had attacked her was a younger man, like Appellant.  Appellant’s companion was older.  Based on the applicable standards of review,
(footnote: 2) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction.

In his third point, Appellant contends that the trial court erred by admitting evidence of the complainant’s pretrial identification of him as the thief and by allowing her to identify Appellant as the thief at trial.  His brief makes clear that he is contending that the in-court identification is inadmissible because it is tainted by an unduly suggestive pretrial identification.

An in-court identification is inadmissible if tainted by an unduly suggestive pretrial identification.
(footnote: 3)  The test is whether considering the totality of the circumstances, the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.
(footnote: 4)  The defendant has the burden of showing by clear and convincing evidence that the in-court identification is unreliable.
(footnote: 5)  The admissibility of an identification is a mixed question of law and fact that we review de novo,
(footnote: 6) but we view the five 
Biggers
(footnote: 7) factors—(1) the witness’s opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation—all issues of historical fact, deferentially in a light favorable to the trial court's ruling.
(footnote: 8)  Viewing the factors in this light, we then weigh them de novo against “the corrupting effect” of the suggestive pretrial identification procedure.
(footnote: 9)  Based on our review of the evidence under this standard, we cannot say that the trial court abused its discretion in admitting the identification evidence.  We overrule Appellant’s third point.

In his fourth point, Appellant claims that the trial court erred in overruling his 
Batson
(footnote: 10) objections to jurors numbered three, four, nine, fifteen, twenty-seven, and thirty-nine.
(footnote: 11)  
To challenge the State’s exercise of a peremptory strike, a defendant must make a prima facie showing of discrimination.
(footnote: 12)  The State then has the burden to produce a facially neutral reason for the strike.
(footnote: 13)  If the prosecutor’s explanation does not show an inherent discriminatory intent, then the explanation will be deemed race-neutral.
(footnote: 14)  Discrimination is not shown merely because the State’s reasons for striking a juror might also apply to other acceptable jurors because it is unlikely that two potential jurors will possess the same characteristics in precisely the same degrees.
(footnote: 15)  After the State offers race-neutral reasons for the strikes, as the Texas Court of Criminal Appeals has explained,

Texas jurisprudence holds that . . . the burden is on the defendant to convince the trial court that the prosecution's reasons were not race-neutral.  Thus, the burden of production shifts from the defendant in step one to the State in step two, but the burden of persuasion never shifts from the defendant.
(footnote: 16)

We will not disturb the trial court’s ruling on a 
Batson
 challenge unless it is clearly erroneous.
(footnote: 17)  A ruling is “clearly erroneous” if it gives us the “definite and firm conviction that a mistake has been committed.”
(footnote: 18)
 After Appellant identified these jurors as members of minority races, the prosecutor responded with facially neutral reasons for the strikes.  Juror three had experience as a crime victim and did not like the police.  Juror four was falling asleep during voir dire and had a prior arrest.  Juror nine was also falling asleep and had a prior DWI conviction.  Juror fifteen worked with at-risk youth and listed rehabilitation as a preference.  Juror twenty-seven had been charged with assault and also listed rehabilitation as a preference.  Juror thirty-nine had been charged with credit card abuse.

Appellant responded that he did not see any juror sleeping and that the State had not struck white jurors who had listed rehabilitation as a preference.  The State replied that it had not struck jurors six and nineteen, who were also black.  The trial court concluded that Appellant had not shown a pattern of discrimination and denied the 
Batson
 challenge.  Based on our review of the record and the law, we cannot say that the trial court’s ruling on Appellant’s 
Batson
 challenge was clearly erroneous.  We overrule Appellant’s fourth point.

Having overruled Appellant’s four points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (all providing legal sufficiency standard of review); 
Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004)
; 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review).

3:
Loserth v. State
, 963 S.W.2d 770, 771-72 (Tex. Crim. App. 1998).

4:
Id.
 at 772.

5:
Delk
 
v. State
, 855 S.W.2d 700, 706 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 982 (1993).

6:
Loserth
, 963 S.W.2d at 773.

7:
Neil v. Biggers
, 409 U.S. 188, 199, 93 S. Ct. 375, 382 (1972).

8:
Loserth
, 963 S.W.2d at 774.

9:
Id.
 at 773-74.

10:
Batson v. Kentucky
, 476 U.S. 79, 106 S. Ct. 1712 (1986).

11:
While Appellant complains of the overruling of his
 Batson
 objection to juror ninety-nine, the record shows that the State’s peremptory challenge and Appellant’s objection referred to juror nine, not juror ninety-nine.

12:
Id. 
at 94-96, 106 S. Ct. at 1722; 
Harris v. State
, 827 S.W.2d 949, 955 (Tex. Crim. App.), 
cert. denied
, 506 U.S. 942 (1992).

13:
Batson
, 476 U.S. at 97, 106 S. Ct. at 1723; 
Harris
, 827 S.W.2d at 955.

14:
Purkett v. Elem
, 514 U.S. 765, 768, 115 S. Ct. 1769, 1771 (1995); 
Simpson v. State
, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003), 
cert. denied
, 542 U.S. 905 (2004).

15:
Cantu v. State
, 842 S.W.2d 667, 689 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).

16:
Ford v. State
, 
1 S.W.3d 691, 693 (Tex. Crim. App. 1999) (citations omitted).

17:
Williams v. State
, 804 S.W.2d 95, 101 (Tex. Crim. App.), 
cert. denied
, 501 U.S. 1239 (1991).

18:
United States v. Fernandez
, 887 F.2d 564, 567 (5
th
 Cir. 1989) (quoting 
Anderson v. City of Bessemer City
, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).