NO.  07-05-0244-CR
07-05-0245-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 27, 2006
_____

ALVIN GIDDINGS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 0925369D, 0925377D; HONORABLE JAMES R. WILSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Alvin Giddings, appeals two convictions for aggravated assault with a
deadly weapon and sentences of 18 years confinement in the Institutional Division of the
Texas Department of Criminal Justice.  We affirm.

Background

Appellant and Barbara Keaton were involved in a relationship and resided together
until the relationship ended and appellant moved out.  Shortly after moving out of the

apartment, appellant returned to retrieve some of his belongings that had remained and was met by Keaton's new boyfriend, Bernard Sullivan. A confrontation began between appellant and Sullivan, culminating in appellant stabbing Sullivan and Keaton. As a result of the stabbings, appellant was charged with two counts of aggravated assault with a deadly weapon.

Appellant elected a jury trial and began jury selection. At the conclusion of voir dire, but before the selected jury was seated, appellant objected to the State's use of two of its preemptory challenges on venire members number six and 28, both of whom were African Americans. After considering the State's explanation for the challenges, the court overruled appellant's objection and seated the jury. At the conclusion of the guilt-innocence stage of the jury trial, the court prepared the jury charge at which time appellant requested additional instructions on the issues of self-defense and involuntary conduct. However, the court refused the addition of either instruction.

On appeal, appellant raises two issues, contending that the trial court erred in failing to: (1) grant appellant's Batson challenges,[1] and (2) include the requested instructions in the court's jury charge.

---

[1] A complaint to the State's use of a preemptory challenge based on discriminatory reasons is commonly known as a Batson challenge. See generally Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

A trial court's decision on a <u>Batson</u> challenge is reviewed under a clearly erroneous standard of review. <u>Hernandez v. New York</u>, 500 U.S. 352, 365-66, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); <u>Gibson v. State</u>, 144 S.W.3d 530, 534 (Tex.Crim.App. 2004). A <u>Batson</u> challenge generally gives rise to a three-step process. <u>Simpson v. State</u>, 119 S.W.3d 262, 268 (Tex.Crim.App. 2003). First, the defendant must make a *prima facie* case that a venire member was pre-emptorily excluded on the basis of race. <u>Id</u>. Next, the prosecution must come forward with race-neutral reasons for the preemptory challenge. <u>Id</u>. Finally, the defendant has the opportunity to rebut the State's explanations. <u>Id</u>. If the State offers a race-neutral explanation before any inquiry on the *prima facie* case, the issue of a *prima facie* case is moot. <u>See</u> <u>id</u>. The burden of persuasion remains with the defendant to prove purposeful discrimination. <u>Id</u>. Once the State proffers race-neutral explanations for its preemptory challenges, the burden, under <u>Batson</u>, is on the defendant to convince the trial court that the State's reasons were not race-neutral; thus, the burden of production shifts from the defendant to the State, but the burden of persuasion never shifts from the defendant. <u>See</u> <u>Ford v. State</u>, 1 S.W.3d 691, 693 (Tex.Crim.App. 1999). For purposes of a <u>Batson</u> challenge, the issue of whether the State's race-neutral explanations for striking a venire member were pretextual is solely a question of fact; there is no issue of law. <u>See</u> <u>Gibson</u>, 144 S.W.3d at 534. The trial court's ruling on a <u>Batson</u> challenge is accorded great deference and will not be overturned on appeal unless it is clearly erroneous, <u>see Chamberlain v. State</u>, 998 S.W.2d 230, 236 (Tex.Crim.App.1999),

and the trial court's ruling is clearly erroneous only if no plausible basis exists to support it, see Whitsey v. State, 796 S.W.2d 707, 721-22 (Tex.Crim.App.1989) (op. on reh'g).

Because the State offered race-neutral reasons for its challenges, the *prima facie* inquiry is moot and we move on to consider whether the explanations offered were, in fact, race-neutral. See Simpson, 119 S.W.3d at 268. The State explained its challenges on venire member number six because of a prior assault and on venire member number 28 because the State felt he was immature, based on answers on his jury questionnaire. After the State gave its explanations for its challenges, appellant, as the party making the Batson challenge, had the burden to show that the explanations given were merely a pretext for discrimination. See id. Appellant attempted to prove the State's explanations were pretextual by pointing out other jurors who were seated on the jury that the State could have struck for the same reasons. Although there were other venire members with similar backgrounds, appellant did not convince the trial court that the State's explanations were mere pretext, and that the State's challenges were for racially discriminatory reasons. Appellant did not attempt to prove that the State's explanations were not plausible by showing that venire member number six did not have a prior assault or that venire member number 28 was mature. Under the appropriate standard of review, appellant has not shown that the trial court's ruling on the Batson challenge was clearly erroneous and that the basis for the State's challenges of the venire members were not plausible. See Whitsey, 796 S.W.2d at 721-22. Appellant's first issue is overruled.

4

<u>                              Error in Court's Charge</u>

        Appellant contends that he was entitled to instructions on the defensive issues of self-defense and involuntary conduct. In reviewing an allegation of charge error, an appellate court must first determine whether the charge was, in fact, in error. <u>Hutch v. State</u>. 922 S.W.2d 166, 170 (Tex.Crim.App. 1996). If so and if the error in the charge was the subject of a timely objection, then reversal is required if the error was calculated to injure the rights of defendant which means no more than that there must be some harm to the accused from the error. <u>Almanza v. State</u>, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

        A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense. <u>Ferrel v. State</u>, 55 S.W.3d 586, 591 (Tex.Crim.App. 2001). On the other hand, if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue. <u>Id</u>. A person is justified in using deadly force against another when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against another's use or attempted use of unlawful deadly force. Tex. Pen. Code Ann. § 9.32 (a)(3)(A) (Vernon 2003).

        To support his request for a self-defense instruction, appellant contends that Sullivan was larger than him, grabbed him, and tried to grab the knife from his hand. Even assuming that Sullivan was physically bigger than appellant, that Sullivan grabbed him, or

5

that Sullivan attempted to grab the knife, appellant has not shown that he reasonably believed that Sullivan intended to use deadly force or that he reasonably believed that deadly force was necessary to protect himself against Sullivan's use or attempted use of unlawful deadly force. Therefore, we conclude that the trial court did not err in denying appellant's request for an instruction on self-defense.

As to appellant's request for an instruction on involuntary conduct, appellant contended that the injury to Keaton was not caused by his voluntary act, but was the result of an accident. Additionally, appellant made clear that his request was not a request for an instruction on accident[2] but was for an instruction on involuntary conduct, i.e., the absence of voluntary conduct. A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. TEX. PEN. CODE ANN. § 6.01(a) (Vernon 2003). Conduct is not rendered involuntary merely because an accused does not intend the result of his conduct. Rogers, 105 S.W.3d at 638 (citing Adanandus v. State, 866 S.W.2d 210, 230 (Tex. Crim. App. 1993)). Appellant contends the evidence shows that he did not intend to harm Keaton, that Keaton "got between" appellant and Sullivan during the confrontation, and that he apologized after he stabbed her. But appellant is not entitled to an involuntary conduct instruction simply because he did not intend to harm Keaton. See id. Appellant has presented no proof that, although he did not intend to harm Keaton, that he did not intend to pick up a knife or that he did not intend to use it as a weapon. The evidence as to appellant's own actions is undisputed. Since appellant did

---

[2] Under the current penal code, there is no defense of accident. See Rogers v. State, 105 S.W.3d 630, 637 ( Tex.Crim.App. 2003).

6

not argue that his possession of the knife resulted from someone else's act, was the product of some independent non-human force, such as a convulsion, or was the result of unconsciousness, hypnosis or other nonvolitional impetus, appellant has not raised the issue of voluntariness. <u>See</u> <u>id</u>. Therefore, we conclude that the trial court did not err in refusing to include appellant's request for an instruction on involuntary conduct in the court's charge. <u>Hutch</u>, 922 S.W.2d at 170. Appellant's second issue is overruled.

Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

Do not publish.