In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-05-381 CR 


______________________


 

KEVIN NABORS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


 Angelina County, Texas


Trial Cause No. CR-25342






MEMORANDUM OPINION


 Kevin Nabors appeals a judgment of conviction on five counts of indecency with a
child. See Tex. Pen. Code Ann. § 21.11(a) (Vernon 2003). The offenses involved two
children. The jury assessed punishment for counts one, two, four, and five at fifteen years'
confinement in the Institutional Division of the Texas Department of Criminal Justice, and
ten years' confinement for the third count. Nabors argues the trial court erred in (1) denying
his Batson (1) challenges to the State's peremptory strikes of three jurors; (2) requiring that
Nabors wear "shackles" during trial; and (3) admitting expert testimony that commented on
the truthfulness of the children. Finding no reversible error, we affirm the trial court's
judgment.

 In issues one, two, and three, Nabors challenges the State's exercise of peremptory
strikes to remove jurors numbered 14, 16, and 23. Nabors contends that the State's race-neutral reasons for striking the jurors were insufficient and that the strikes appeared to be
systematic exclusions. The Equal Protection Clause of the Fourteenth Amendment prohibits
race-based jury selection. Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001)
(citing Batson, 476 U.S. at 85). In Simpson v. State, the Court of Criminal Appeals explained
the Batson procedure as follows: 

 A Batson challenge generally gives rise to a three-step process. First, the
defendant must make a prima facie case that a venire member was
peremptorily excluded on the basis of race. Next, the prosecution must come
forward with race-neutral reasons for the peremptory strike. Finally, the
defendant has the opportunity to rebut the State's explanations. The burden
of persuasion remains with the defendant to prove purposeful discrimination. 


Simpson v. State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003) (citations omitted). If the
State proffers race-neutral explanations for its peremptory strikes, the defendant has the
burden to convince the trial court that the prosecution's reasons were not race-neutral. Ford
v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999). The defendant's "failure to offer any
real rebuttal to a proffered race neutral explanation can be fatal to his claim." Johnson v.
State, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002). A trial court's ruling on a Batson
challenge will generally be upheld on appeal unless it is clearly erroneous. Jasper, 61
S.W.3d at 421-22.

 The prosecutor articulated her reasons for the strikes of the three venire members. 
Juror No. 14 was the same age as the defendant, did not have children, and did not seem to
understand the questions the prosecutor asked him during voir dire. As to Juror No. 16, the
prosecutor stated that in a previous voir dire for another case, this juror indicated that he
would hold the State to a "beyond all doubt" burden of proof. Although the State noted that
this juror's voir dire on this issue was not "as strong" as it was in the previous voir dire, the
prosecutor apparently remained concerned. The prosecutor struck Juror No. 23 because he
slept through most of the State's voir dire. Because defense counsel did not question the
prosecutor or provide the trial court with any evidence in rebuttal, the prosecutor's
explanations for the strikes remained uncontradicted. See Ford, 1 S.W.3d at 693. The trial
court's Batson rulings were not clearly erroneous. Issues one, two, and three are overruled.

 Issues four, five, and six complain that the trial court erred in requiring that Nabors
wear "shackles" during trial without a specific finding that the restraints were necessary. The
"shackles" apparently were knee braces worn under Nabors's clothing. After jury selection,
the prosecutor questioned the trial court on the use of the knee braces, and the court
explained that efforts would be made to prevent the jury from seeing Nabors walk while
wearing the knee braces. At trial, because the prosecutor was concerned that the jury would
think Nabors walked with a limp due to a physical handicap, the prosecutor attempted to
elicit testimony from Nabors regarding the knee braces. Before any evidence regarding the
use of restraints could be introduced, defense counsel objected, and the trial court sustained
the objection. 

 We have reviewed the record, and we do not see where Nabors made a clear objection
to the trial court about the use of the knee braces. To preserve error for appellate review, a
party must make a specific objection and obtain a ruling. Tex. R. App. P. 33.1(a). Nabors
only objected to the State's questions regarding his limp. The court sustained Nabors's
objection. 

 Even if error has been preserved, an appellate court must consider whether the error
requires reversal. See Tex. R. App. P. 44.2. Nabors argues that when he took the stand at
trial, the jury could see that he had difficulty walking in the restraints. The knee braces were
worn underneath his clothing and the trial court limited the instances where Nabors had to
walk in front of the jury. See Long v. State, 823 S.W.2d 259, 283 (Tex. Crim. App. 1991)
(no showing jury actually saw shackles). The record does not establish that Nabors objected 
to the use of the restraints, or that the jury actually saw the restraints. Issues four, five, and
six are overruled. 

 Issues seven and eight complain that the trial court admitted direct expert testimony
as to the truthfulness of the children's allegations. During the direct examination of Ruth
Roberts, a licensed professional counselor, the State asked Roberts whether the first child had
a "motive . . . to lie or make up these allegations" and whether the second child had a
"motive or reason . . . to fabricate" the allegations. Roberts indicated that the children had
no motive to lie. The State asked Lindsay Tomes, a conservatorship worker for Child
Protective Services, whether the children had remained consistent with their accounts of
sexual abuse and whether they had ever recanted their allegations. Tomes indicated that the
children's accounts of sexual abuse have remained consistent and they had not recanted their
allegations. 

 To be admissible, expert testimony must assist the trier of fact. See Tex. R. Evid. 702. 
"Expert testimony does not assist the jury if it constitutes 'a direct opinion on the
truthfulness' of a child complainant's allegations." Schutz v. State, 957 S.W.2d 52, 59 (Tex.
Crim. App. 1997) (quoting Yount v. State, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993)). 
Expert opinion testimony that a particular witness is being truthful is generally inadmissible,
because the jury is as capable as the expert of making that determination. See Yount, 872
S.W.2d at 709-12. Also, an expert generally may not opine that a person's "allegations are
the result of manipulation or fantasy," as "[s]uch evidence never assists the jury because the
jury is just as capable as the expert of drawing the conclusions involved." Schutz, 957
S.W.2d at 70-71. Expert testimony that provides useful background information to aid the
jury in evaluating the testimony of the child victim may be admissible, however. For
instance, an expert may testify concerning the typical characteristics of victims of sexual
abuse, whether a child exhibits behavioral characteristics consistent with sexual abuse, and
whether a child exhibits the traits of fantasy or manipulation. See Schutz, 957 S.W.2d at 69;
Cohn v. State, 849 S.W.2d 817, 818-19 (Tex. Crim. App. 1993). There is a "fine but
essential" line between helpful expert opinion testimony and impermissible comments on
credibility. Schutz, 957 S.W.2d at 60. An expert may not simply vouch for a witness's
credibility. 

 If a trial court crosses this "fine line" in overruling a proper objection, an appellate
court must consider whether the error is reversible. See Tex. R. App. P. 44.2. An appellate
court must not reverse a judgment based on error in admitting evidence if, after examining
the record as a whole, the court has a fair assurance that the error did not influence the jury
or had but a slight effect. Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); see
also Tex. R. App. P. 44.2(b). The improper admission of evidence is not reversible error
when the same evidence was admitted without objection, "either before or after the
complained-of ruling." Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). 

 Assuming that the testimony challenged here should not have been admitted, the
admission of the evidence is not reversible error. In this case, other testimony relevant to 
the truthfulness of the children was admitted, without objection, through the same expert
witnesses. Roberts testified without objection that the first child's allegations of sexual
abuse have remained consistent and the child has not recanted. Tomes testified without
objection that the children had no motive or reason to lie about the allegations. Tomes
answered in the affirmative when the State asked her if the children had been "consistent and
truthful" with her; Nabors did not object. 

 Both children testified in detail to the specific acts Nabors committed against them. 
One witness's testimony indicated that she saw Nabors committing one of the alleged
offenses against one of the children. Nabors denied committing the offenses alleged. He
presented testimony from several witnesses, including the children's brother. Nabors also
argued that the children's allegations were a result of their mother's anger toward him. 

 In the context of the entire record in this case, and considering that similar testimony
from the experts was admitted without objection, we have a fair assurance that the asserted
error did not influence the jury or had but a slight affect. See Motilla, 78 S.W.3d at 355. 
Issues seven and eight are overruled. The trial court's judgment is affirmed.



 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice




Submitted on November 29, 2006

Opinion Delivered March 28, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, J.J.

 
1. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).