Opinion filed March 29, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00161-CR 

                                                    __________

 

                              LUKE RANDOLPH FAMBRO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                           Erath County, Texas

 

                                                   Trial
Court Cause No. 36,157

 



 

                                                                   O
P I N I O N

 

The jury convicted Luke Randolph Fambro of driving
while intoxicated as a first offense. 
The trial court assessed punishment at confinement for 180 days in the
county jail and a fine of $1,000.  The
trial court then suspended the confinement portion of the sentence and placed
appellant on community supervision for 90 days. 
We affirm.  








In his sole point of error, appellant complains of
a Batson[1]
error.  He contends that the State=s use of a peremptory strike on the
only black member of the venire panel was racially motivated.  The use of peremptory challenges to strike
potential jurors on the basis of race is prohibited.  Tex.
Code Crim. Proc. Ann. art. 35.261 (Vernon 2006); Batson v. Kentucky, 476 U.S. 79 (1986).  In Purkett v. Elem, 514 U.S. 765
(1995), the Supreme Court delineated the three-step process for properly
determining a Batson challenge. 
First, the opponent of a peremptory challenge must make out a prima
facie case of racial discrimination, essentially a burden of production.  In the second step, the burden of production
shifts to the proponent of the strike to respond with a race-neutral
explanation.  Third, if a race-neutral
explanation has been proffered, the trial court must decide whether the
opponent of the strike has proved purposeful racial discrimination.  The burden of persuasion is on the opponent
of the strike to convince the trial court that the strike was racially
motivated.  Purkett, 514 U.S. 765; Ford
v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999); Camacho v. State,
864 S.W.2d 524, 529 (Tex. Crim. App. 1993). 


The record shows that appellant made a Batson
challenge to the State=s
striking of Juror No. 6, Gregory A. Chivers, a 36-year-old black male.  Defense counsel asserted that Chivers had not
responded to any of the questions asked during voir dire and that the strike
was racially motivated. The State responded that it struck Chivers for the same
reason that it struck Juror No. 9, a Caucasian member of the venire panel.  The race-neutral reason given by the State
was that neither of the gentlemen were responsive to the State.  The prosecutor stated:  

We
had good participation by the Voir Dire members, by most of them, and those two
gentlemen were not responsive and the State did not get a good feeling about
their participation in the case. 

 

. . . .

 

I think there=s plenty to be garnered from no
response.  It wasn=t
just that that juror, along with No. 9, was not responsive verbally, but
visually I mean my take on it was that he didn=t
want to be here and wouldn=t
be interested in the proceedings just like No. 9.  And I want a juror who=s
going to be engaged and will listen to the evidence and sit in fair judgment of
it.  








When asked to clarify what he had observed with respect to the
two veniremembers, the prosecutor stated that he did not see any eye contact
between those two and either of the attorneys. 
The prosecutor noted that neither of those two had engaged in the
process like the rest of the panel had.

In response, defense counsel noted that there were
other members of the venire panel who did not Asay
anything@ during
voir dire and that these members were not stricken but, instead, were
ultimately seated on the jury.  Defense
counsel, however, did not dispute the prosecutor=s
race-neutral reason regarding Chivers=s
nonverbal conduct B his
inattentiveness and demeanor.  The trial
court overruled appellant=s
Batson challenge.

We must give great deference to the trial court=s determination of fact and may not
disturb the trial court=s
ruling on a Batson issue unless it was clearly erroneous.  See Chamberlain v. State, 998 S.W.2d
230, 236 (Tex. Crim. App. 1999); Adanandus v. State, 866 S.W.2d 210,
224-25 (Tex. Crim. App. 1993).  In this
case, the State=s
explanation was reasonable and racially neutral, and appellant=s rebuttal did not show that the State=s race-neutral reason for striking
Chivers was a pretext for discrimination. 
Yarborough v. State, 947 S.W.2d 892 (Tex. Crim. App. 1997); Moss
v. State, 877 S.W.2d 895, 898 (Tex. App.CWaco
1994, no pet.); see also Purkett, 514 U.S. 765.  Consequently, we hold that the trial court=s determination of the Batson
issue was not clearly erroneous. 
Appellant=s point
of error is overruled.  

The judgment of the trial court is affirmed.  

 

 

RICK STRANGE

JUSTICE

 

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.











[1]Batson v. Kentucky, 476 U.S.
79 (1986).