Opinion filed February 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00212-CR 

                                                    __________

 

                                  TYLON DEMOND DIGGLES A/K/A 

                                 
TYLOR DEMOND DIGGLES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                      On
Appeal from the Criminal District Court              

 

                                                       Jefferson
County, Texas                   

 

                                                    Trial
Court Cause No. 96350



 

                                              M
E M O R A N D U M   O P I N I O N                                  

The
jury convicted Tylon Demond Diggles a/k/a Tylor Demond Diggles of the offense
of aggravated robbery and assessed punishment at confinement for six years.  We
affirm.  

                                                                         Issues

Appellant
presents two issues on appeal.  In the first issue, he challenges the legal and
factual sufficiency of the evidence, asserting that the evidence is insufficient
to show intent and to connect him to the crime.  In his second issue, appellant
asserts Batson[1] error.  








                                                        Sufficiency
of the Evidence

We
will apply the following well-recognized standards of review to appellant=s first issue.  To
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the verdict
is against the great weight and preponderance of the conflicting evidence.  Watson
v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 

The
record shows that, at about 4:30 p.m. on Friday, December 9, 2005, the courtesy
booth at a Market Basket store was robbed of more than $8,000.  The robber
walked up to the courtesy booth and handed employee Amy Gonzalez a small paper
bag with a note attached.  The note read something like: A[T]his is not a joke.  You
are being robbed.  Put the money in the bag.@ 
When Gonzalez questioned appellant, appellant made an aggressive facial
expression, moved his jacket to the side, and revealed a gun tucked in his
waistband.  Gonzalez told appellant that she had no money (which was not true)
but that an employee working next to Gonzalez did.  Gonzalez then gave the note
to Sheila Jeanette Darby.

The
robber then went to Darby=s
window and also showed her his gun.  Darby put all of the bills from her drawer
into the bag.  Then, the robber went back to Gonzalez=s window and told her to put money in the
bag.  This time, Gonzalez complied.  Darby and Gonzalez were both placed in
fear by appellant=s
exhibition of the weapon.  The robber left the store on foot, and a store
employee gave chase but could not catch the robber.








The
authorities were notified during the robbery.  Shortly after the robbery, a
suspect was apprehended in a nearby apartment complex.  One of the officers
that responded to the call took Darby and a store manager, Robert Jordan, to
the apartment complex.  At that time, both positively identified appellant as
the robber but noted that he had taken off his jacket.  Darby and Jordan also
positively identified appellant in court.  Gonzalez positively identified
appellant in court as the person who had robbed her.  Gonzalez testified, AHis face.  It=s in my memory.  I will
never forget his face.@ 
Appellant denied any involvement in the robbery.  

After
reviewing all of the evidence under the applicable standards, we hold that the
evidence is both legally and factually sufficient to support the jury=s verdict.  Appellant first
issue is overruled.

                                                                Batson
Challenge

In
the second issue, appellant asserts Batson error in the State=s use of peremptory strikes
against black members of the venire panel.  The use of peremptory challenges to
strike potential jurors on the basis of race is prohibited.  Batson, 476
U.S. 79; Tex. Code Crim. Proc. Ann.
art. 35.261 (Vernon 2006).  In Purkett v. Elem, 514 U.S. 765
(1995), the Supreme Court delineated the three-step process for properly
determining a Batson challenge.  First, the opponent of a peremptory
challenge must make out a prima facie case of racial discrimination,
essentially a burden of production.  In the second step, the burden of
production shifts to the proponent of the strike to respond with a race-neutral
explanation.  Third, if a race-neutral explanation has been proffered, the
trial court must decide whether the opponent of the strike has proved
purposeful racial discrimination.  The burden of persuasion is on the opponent
of the strike to convince the trial court that the strike was racially
motivated.  Purkett, 514 U.S. 765; Ford v. State, 1 S.W.3d 691,
693 (Tex. Crim. App. 1999); Camacho v. State, 864 S.W.2d 524, 529 (Tex.
Crim. App. 1993).  

If,
as here, the State offers a race‑neutral explanation before any inquiry
on the prima facie case, the issue of a prima facie case is moot.  Simpson
v. State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003).  Immediately after
appellant objected to the State=s
use of four of its strikes, the State offered the following explanations: 

Venireman No. 2 had only been at his current location of
employment for one week.  And when asked by [defense counsel] during voir dire
if there was a check cashing booth at his place of employment, he hesitated and
clearly did not even know that much about the operation of the grocery store. 
And for that reason, he was struck. 








The State also
explained that Veniremember No. 18 was struck because he was falling asleep
early on during voir dire and, unlike most of the other jurors, just could not
seem to pay attention.  Veniremember No. 24 was struck because he stated that
he had known appellant=s
family for several years.  Veniremember No. 26 was struck because she indicated
that she had previously sat as a juror in a criminal case and had voted Anot guilty@ on a criminal trespass
charge.  Appellant did not rebut the State=s
explanations but merely responded that the reasons given were not racially
neutral.  The trial court overruled appellant=s
Batson challenge.  

In
reviewing the propriety of such a ruling, we must give great deference to the
trial court=s
determination of fact and may not disturb the trial court=s ruling on a Batson
issue unless it was clearly erroneous.  See Chamberlain v. State, 998
S.W.2d 230, 236 (Tex. Crim. App. 1999); Adanandus v. State, 866 S.W.2d
210, 224-25 (Tex. Crim. App. 1993).  In this case, the State=s explanations were reasonable
and racially neutral, and appellant did not offer any rebuttal showing that the
State=s race-neutral
reasons for striking the veniremembers were pretext for discrimination.  See
Yarborough v. State, 947 S.W.2d 892 (Tex. Crim. App. 1997).  Appellant=s second issue is
overruled.  

The
judgment of the trial court is affirmed.  

 

 

RICK STRANGE

JUSTICE

 

February 19,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J. 









[1]Batson v. Kentucky, 476 U.S. 79 (1986).